**Louis Y. WILSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18759.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 21, 1964.

Decided Dec. 17, 1964.

Petition for Rehearing En Banc
Denied May 5, 1965.

Messrs. Bradley G. McDonald and Edward M. Shea, Washington, D. C., for appellant.

Mr. Gerald E. Gilbert, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and John A. Terry, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM:

Appellant, along with a co-defendant, was convicted of robbery. 22 D.C.Code, § 2901. His appeal urges several reasons for reversal, only one of which we believe requires comment.

When the case was called for trial the presiding District Judge was advised that appellant and his co-defendant had disrobed in the cell block at the courthouse and the Marshal was having difficulty with them. The Judge then ordered the Marshal to wrap them in blankets and bring them to the courtroom, with permission to place handcuffs and leg irons upon them. They were brought into the courtroom in this manner by several deputy Marshals. Witnesses and prospective jurors were present at the time. Thereupon a jury was impaneled and the trial proceeded. Counsel for defendants moved for a mistrial when the defendants were brought in and again the next day. The trial lasted three days but the record is unclear as to the exact conditions which prevailed after the first day. It does appear that the leg irons had been removed but that the defendants remained handcuffed throughout. There is no information as to the blankets. The court's instructions to the jury included an admonishment that the jury "completely ignore" the unusual incidents "that happened at the very outset of the trial before the trial started."

It is contended that the trial in the circumstances was unfair and that accordingly counsel's motion for a mistrial should have been granted.

Except that the evidence of guilt was very strong we would have some difficulty affirming; for though an accused may not be permitted to prevent his trial by obstructive tactics, the trial court is under obligation to make a reasonable effort to obviate such conditions, even though they are created by the defendant's own conduct, because of their tendency to prejudice the accused in the eyes of the jury. Here, for example, the prospective jurors and witnesses could have been excused while the defendants were brought before the court, admonished, and the course the court intended to pursue explained to them, with opportunity then afforded them to abandon their tactics. It is possible that in this or some like manner the situation could have been avoided, and it is desirable to explore that possibility when such a situation arises.

The evidence of guilt was so clear and strong, however, that we are convinced the verdict was not affected and, therefore, that reversal is not in order.

Affirmed.