

———◆———

Mr. Roland S. Homet, Jr., Washington, D. C., with whom Mr. Robert C. Barnard, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. Gerald E. Gilbert, Asst. U. S. Atty. with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker, John A. Terry and Allan M. Palmer, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WASHINGTON and BURGER, Circuit Judges.

**James O. WYNDER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18758.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 1, 1965.

Decided June 28, 1965.

Petition for Rehearing En Banc
Denied Sept. 23, 1965.

Certiorari Denied Jan. 17, 1966.

See 86 S.Ct. 591.

**PER CURIAM.**

Louis Y. Wilson and James O. Wynder were indicted for robbery, D.C.CODE § 22–2901, were tried together, and were convicted. Both appealed. Wilson's conviction was affirmed by this court on December 17, 1964, Wilson v. United States, 120 U.S.App.D.C. 72, 344 F.2d 166. To the extent applicable, that decision is controlling here.

■ Two additional contentions advanced by Wynder must be considered. One is that although his pre-trial motion for a mental examination was properly granted, the examination was completed in too short a time (about a month), and was inadequate. In its report, the staff of St. Elizabeths found that appellant

Fahy, Circuit Judge, dissented.

was competent to stand trial and was without mental disease or defect both at the time of the alleged crime and the time of the examination. Appellant below urged that at least 90 days was required to make an adequate examination, and now on appeal contends that some period longer than the thirty days actually afforded was necessary for a proper examination. But there is no set period required for a mental examination; and the examination does not appear to have been inadequate for any other reason. He moved for a second examination. The denial of his motion was not an abuse of the trial judge's discretion. Cf. Perry v. United States, 121 U.S.App.D.C. ——, 347 F.2d 813 (1964), cert. denied Dec. 13, 1965, 86 S.Ct. 438.

■ In Young and Simmons v. United States, 120 U.S.App.D.C. 312, 346 F.2d 793 (1965), we had occasion to criticize the trial judge for his interference with the defense and his derogatory remarks concerning the court-appointed attorney who was defending the accused. The conduct there condemned was the basis for reversing the conviction. Some unnecessary judicial intervention and criticism occurred in the present case, but we do not regard it as depriving this appellant of a fair trial, and we have concluded we should not reverse on account of it.

We have considered all points raised by appellant and found them without merit. The conviction is

Affirmed.

FAHY, Circuit Judge, dissenting:

Appellant was tried with Louis Y. Wilson for robbery. Wilson's conviction was affirmed, 120 U.S.App.D.C. 72, 344 F.2d 166. After joining in the affirmance I voted for a rehearing, which, however, was denied. My reason for so voting was that on further consideration after the hearing of the present case I concluded that Wilson, as I now conclude with respect to appellant, was tried in a manner which violated his right to due process of law. This conclusion grows out of the incident I refer to as the "blankets and chains" incident briefly described in our Wilson opinion. Since I now think this was a matter of constitutional proportions, I would not apply the harmless error criterion which otherwise might be applicable. I would reverse and remand for a new trial.