24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Theodore STREATER, Petitioner-Appellant,
v.
Bill DUNCAN; Attorney General of the State of California,
Respondents-Appellees.
 No. 93-55273.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 20, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theodore Streater, a California State prisoner, sought habeas corpus relief from the district court on his claims that he was denied the right to represent himself, was denied due process because of the presence of a plainclothes sheriffs deputy between him and his counsel, and was denied his Sixth Amendment right to effective counsel. The district court denied his petition and he appealed. We affirm.
 
 
 3
 A. Self-Representation.
 
 
 4
 The Sixth Amendment to the United States Constitution does, indeed, guarantee a defendant the right to represent himself if he voluntarily and intelligently elects to do so. Faretta v. California, 422 U.S. 806, 832, 95 S.Ct. 2525, 2539-40, 45 L.Ed.2d 562 (1975); Armant v. Marquez, 772 F.2d 552, 555 (9th Cir.1985), cert. denied, 475 U.S. 1099, 106 S.Ct. 1502, 89 L.Ed.2d 902 (1986). However, in order to invoke the right the defendant must request the right of self-representation in a knowing, unequivocal, and timely manner. He must not do so for the purpose of delaying proceedings. United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991). In deciding whether the purpose is to delay proceedings, the trial court is entitled to consider the events preceding the request and the defendant's pattern of conduct. United States v. Flewitt, 874 F.2d 669, 675 (9th Cir.1989). Here Streater's conduct did include a pattern of asking for changes of counsel, attempting to force those changes, representing himself, declaring he could not represent himself, and even threatening his attorney. We cannot say that the state courts erred in finding that his purpose was delay and disruption. The district court properly denied this ground of his petition.
 
 
 5
 B. Restraint of Defendant.
 
 
 6
 Streater made a not very veiled threat to assault his attorney and that, coupled with his expressions of exasperation at the frustration of his attempts to keep replacing counsel, persuaded the trial court that measures were needed to maintain the dignity and security of the courtroom. We see no error in that determination. See Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832, 111 S.Ct. 95, 112 L.Ed.2d 67 (1990). Of course, the court was required to pursue less restrictive alternatives before it imposed any physical restraints upon Streater. Id.; Spain v. Rushen, 883 F.2d 712, 720-21 (9th Cir.1989), cert. denied, 495 U.S. 910, 110 S.Ct. 1937, 109 L.Ed.2d 300 (1990); see also Illinois v. Allen, 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970).
 
 
 7
 Here, no physical restraints were imposed. The trial court merely had a plainclothes sheriff's deputy sit between Streater and the threatened attorney. Streater claims that the jury knew that the person was a sheriff's deputy. However, his only evidence to that effect is that one juror, who was discharged during voir dire, knew the deputy. We find nothing which indicates that the other jurors did. See Rhoden v. Rowland, 10 F.3d 1457, 1460 (9th Cir.1993); Castillo v. Stainer, 983 F.2d 145, 149 (9th Cir.1992), modified, 997 F.2d 669 (9th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 609, 126 L.Ed.2d 574 (1993). Furthermore, even if they had some inkling or knowledge that the person was a sheriff's deputy, the trial judge told them that the person was there as a part of the defense team, and we have no reason to assume that the jurors thought he was there for any other reason. In light of Streater's current arguments, it is interesting to note that when the very patient trial judge indicated that he was going to tell the jury that the deputy was an associate of defense counsel for this purpose, Streater replied "I am going to make an issue with the jury and let them know the truth about what is going on here." In short, the court-required presence of the deputy did not violate Streater's due process rights, and the district court properly denied this ground of his petition.[1]
 
 
 8
 C. Ineffective Assistance of Counsel.
 
 
 9
 Counsel can be found ineffective for Sixth Amendment purposes if his performance fell below the standard of reasonable professional competence and prejudiced the defendant. See Strickland v. Washington, 466 U.S. 668, 687, 692, 104 S.Ct. 2052, 2064, 2067, 80 L.Ed.2d 674 (1984). Streater's argument that counsel was ineffective because he did not assert that Streater's prior offense was a misdemeanor rather than a felony bespeaks Streater's misunderstanding of California law. It is true that a person committed to the California Youth Authority is entitled to have the offense treated as a misdemeanor, if it could have been either a misdemeanor or a felony. Cal.Penal Code Sec. 17(c). But Streater's prior (burglary of an inhabited dwelling) was only a felony. See Cal.Penal Code Secs. 460, 461. Counsel could not have been ineffective when he failed to argue a meritless point. Counsel did not err. Neither did the district court when it denied Streater's petition on this point.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Streater alludes to interference with his communication with defense counsel. He, however, makes that as a theoretical comment and points to no actual difficulties. More importantly, however, that issue was not presented as an issue to the district court and was not ruled upon by the district court. We decline to consider it. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985)