81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony A. LOGAN, Petitioner-Appellant,
v.
James GOMEZ, Director, Department of Correction; Jerry S.
Steiner, Warden, Respondents-Appellees.
 No. 95-16690.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1996.*
Decided March 21, 1996.
As Amended on Denial of Rehearing April 16, 1996.
 
 Before: CHOY, BEEZER, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Anthony Arness Logan, a California state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We vacate and remand.
 
 Factual and Procedural Background
 
 3
 On January 22, 1991, Logan was charged with three counts of armed robbery, one count of possession of a stolen handgun, and one count of possession of a firearm by an ex-felon. After almost deadlocking during three days of deliberation, the jury convicted Logan of three counts of robbery and one count of possession of a firearm by a convicted felon, but acquitted Logan on the charge of possession of a stolen handgun. On March 8, 1991, Logan was sentenced to imprisonment for twenty-three years and four months.
 
 
 4
 The California Court of Appeals affirmed the conviction, reduced the sentence by one year, and denied Logan's petition for habeas corpus relief. The Supreme Court of California denied review. Logan then sought federal habeas corpus relief, which the district court denied on August 11, 1995, without an appearance by the respondents and without conducting an evidentiary hearing. Logan now timely appeals.
 
 Analysis
 
 5
 This court reviews a trial court's decision to shackle a defendant under an abuse of discretion standard. Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990). This court reviews de novo the district court's ultimate decision to grant or deny a petition for habeas corpus. Id.
 
 
 6
 Logan's petition shows that the jury first viewed Logan confined in leg irons, a waist chain and manacles, surrounded by bailiffs, for forty minutes during the January 16, 1991 morning voir dire session, on the first day of trial. During the afternoon session, the court permitted defense counsel to use a sweater to conceal the handcuffs and to place file boxes in front of the table where Logan was sitting, in an attempt to hide the leg irons from the jury. After the noon break on the second day of trial, the court replaced the manacles with a leg brace on one of his legs for the remainder of the trial. The device permanently fixed Logan's leg in a slightly bent position.
 
 
 7
 A trial court violates a shackled defendant's due process rights unless the court first engages in a two-step process: "First the court must be persuaded by compelling circumstances 'that some measure was needed to maintain the security of the courtroom.' Second, the court must 'pursue less restrictive alternatives before imposing physical restraints.' " Morgan v. Bunnell, 24 F.3d 49, 51 (9th Cir.1994) (quoting Jones, 899 F.2d at 885). The trial court apparently failed to satisfy either of these two steps.
 
 
 8
 First, the trial court relied on two incidents to justify the shackling: an altercation between Logan and a prison guard that occurred in prison over five years earlier, and an alleged plan to attack an officer in the county jail. No attack ever occurred, nor was Logan's participation in the alleged plan ever documented. The trial court did not find that Logan was unruly, disruptive, or had refused to abide by any court order. Nothing in the record indicates that Logan had disrupted a courtroom proceeding in the past or intended to do so in this case. These two incidents without more do not provide the "compelling circumstances" necessary to justify shackling. Compare with King v. Rowland, 977 F.2d 1354, 1358 (9th Cir.1992) (defendant displayed a pattern of "attacking people in the courtroom, verbally abusing the judge, and delaying the proceedings. Even when restrained in leg irons, [the defendant] was able to attack his own attorney."). Second, the trial judge did not attempt less restrictive alternatives before shackling Logan, such as a warning not to engage in inappropriate conduct, or a leg brace.
 
 
 9
 Logan appears to have shown that the shackling was prejudicial. "Shackling, except in extreme forms, is susceptible to harmless error analysis." Duckett v. Godinez, 67 F.3d 734, 749 (9th Cir.1995), petition for cert. filed, No. 95-7812 (U.S. Feb. 5, 1996). The defendant must show that the shackling "had substantial and injurious effect or influence in determining the jury's verdict." Rhoden v. Rowland, 10 F.3d 1457, 1460 (quoting Castillo v. Steiner, 997 F.2d 669 (9th Cir.), cert. denied, 114 S.Ct. 609 (1993)). The shackling of a criminal defendant is "inherently prejudicial." Duckett, 67 F.3d at 748; Holbrook v. Flynn, 475 U.S. 560, 568 (1986). Here the jurors observed Logan confined in leg irons, a waist chain and manacles, not for a few seconds in a hallway, but for forty minutes in court. In addition, the lengthy deliberations, near-deadlock and partial acquittal suggest that this was a closely-decided case in which the shackling could have tipped the balance.
 
 
 10
 We VACATE and REMAND for the district court to conduct an evidentiary hearing on the petition. This allows the State of California, which did not make an appearance, an opportunity to argue against granting the writ. Given this result, we need not address Logan's other grounds for appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3