**Jesse WASHINGTON, Plaintiff–Appellant,**

v.

**Ernest C. ROE, Warden, Respondent–Appellee.**

No. 00–57112.

D.C. No. CV–99–11644–CAS(RNB).

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 2002*.

Decided April 17, 2002.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and SHEA,** District Judge.

MEMORANDUM***

Jesse Washington appeals the district court's denial of his habeas corpus petition. *See* 28 U.S.C. § 2254. He claims that his constitutional rights were violated because he was improperly shackled during his trial. We affirm.

We agree with Washington that the state trial court should have made a record in which it determined that restraint was needed and less restrictive means than shackling were not appropriate. *See Duckett v. Godinez,* 67 F.3d 734, 748 (9th Cir.1995); *Castillo v. Stainer,* 983 F.2d

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

145, 147 (9th Cir.1992), *amended by* 997 F.2d 669 (9th Cir.1993); *Jones v. Meyer,* 899 F.2d 883, 885 (9th Cir.1990). But Washington has not presented evidence that the jurors saw the shackles and, indeed, there is evidence to the contrary. That is a virtually fatal omission. *See Ghent v. Woodford,* 279 F.3d 1121, 1132 (9th Cir.2002), *amended* (March 11, 2002); *Rich v. Calderon,* 187 F.3d 1064, 1069 (9th Cir.1999). Moreover, given the overwhelming evidence against Washington, the prophylactic curative instruction,[1] and Washington's own lack of restraint, we cannot say that the use of restraints was prejudicial. *See Ghent,* 279 F.3d at 1133; *Packer v. Hill,* 277 F.3d 1092, 1106 (9th Cir.2002); *Castillo,* 983 F.2d at 149.

AFFIRMED.

---

1. *See Hamilton v. Vasquez,* 882 F.2d 1469, 1472 (9th Cir.1989).

