Tony DUCKETT, Petitioner–Appellant,

v.

Salvador GODINEZ; Brian McKay, AG, Respondents–Appellees.

No. 96–15888.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 1997.

Decided March 14, 1997.

John C. Lambrose, Assistant Federal Public Defender, Las Vegas, Nevada, for petitioner-appellant.

John E. Simmons, Deputy Attorney General, Carson City, Nevada, for respondents-appellees.

Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.

* Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

## PER CURIAM.

This court previously concluded that Tony Duckett's constitutional rights were violated by his being forced to appear in restraints before his sentencing jury, and we remanded for determination of whether this constitutional error was harmless. *Duckett v. Godinez,* 67 F.3d 734, 747 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1549, 134 L.Ed.2d 651 (1996). The case is before us again following an evidentiary hearing in the district court regarding whether Duckett was prejudiced by the error. The facts of this case are discussed in our prior opinion, and we do not elaborate here.

During the evidentiary hearing, the district court heard the testimony of several witnesses regarding the visibility and nature of Duckett's shackles. Duckett's trial attorney and the prosecuting attorney both testified that the restraints consisted of chains with handcuffs. The prosecutor stated that the restraints allowed Duckett to move his hands, although not more than twelve or fifteen inches away from his body. The prosecutor also testified that Duckett had worn leg chains, but that they most likely were not visible to the jury from the vantage point of the jury box.

Two jurors from the sentencing jury testified that they did not remember seeing Duckett's shackles. The jurors also stated that viewing Duckett's shackles would not have had an impact on their impartiality. A third juror testified that Duckett had walked and stood in front of the jury and that at that time he had seen Duckett's restraints. The juror further testified that this had affected his ability to act in a fair and impartial manner. The district court found that this juror's testimony was not credible in light of the juror's poor memory and his substantial bias against the trial judge. The district court went on to conclude that Duckett's restraints were not visible to the jury and that he had not been prejudiced by his appearance in restraints at his sentencing hearing. Accordingly, the district court denied Duckett's petition for habeas corpus.

Duckett appeals the district court's decision on the grounds that its factual findings are incorrect and that it applied the wrong standard to determine that Duckett was not prejudiced by his shackling. We affirm.

## DISCUSSION

■ "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Special deference is given to a district court's credibility determinations, *see* Fed.R.Civ.P. 52(a), and we will only disturb a district court's credibility determinations and factual findings if we are left "with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573, 105 S.Ct. at 1511; *see also Spain v. Rushen*, 883 F.2d 712, 717 (9th Cir.1989).

■ Duckett contends that the district court erred by discrediting the testimony of the juror who stated that he had seen Duckett in restraints and that it had affected his impartiality.

The district court found that the juror's substantial bias involving the case was clear in his responses to questions about the trial judge. The district court concluded that this bias influenced the juror's testimony regarding Duckett's shackles. Because the record supports the district court's conclusion, we will not reverse the district court's credibility finding. Fed.R.Civ.P. 52(a); *Anderson*, 470 U.S. at 573, 105 S.Ct. at 1511.

■ Duckett also contends that the district court's finding that he did not stand or walk in front of the jury is clearly erroneous. We disagree.

At the evidentiary hearing, three witnesses testified that Duckett was seated when the jury entered the courtroom. The prosecuting attorney testified that Duckett did not enter or exit the courtroom in the presence of the jury. Two sentencing phase jurors testified that they did not recall seeing Duckett in shackles. Another juror testified, however, that the jury was already seated when Duckett entered the courtroom and that Duckett shuffled as he walked because of his leg restraints. This juror further testified that he had seen the restraints.

Despite the conflict in the testimony, the record supports the conclusion that the district court considered all of the testimony presented and then went on to make a choice between two permissible views of the evidence. The district court's finding that Duckett did not stand or walk in front of the jury is therefore not clearly erroneous. *Anderson*, 470 U.S. at 574, 105 S.Ct. at 1511–12; *Spain*, 883 F.2d at 717.

Duckett asserts that he was prejudiced by his appearance in restraints during the sentencing phase of his trial.

■ "The degree of prejudice is a factor of the extent of the chains applied and their visibility to the jury." *Spain*, 883 F.2d at 722; *see also Rhoden v. Rowland*, 10 F.3d 1457, 1460 (9th Cir.1993). When reviewing whether an alleged error was harmless, we determine whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993); *see also California v. Roy*, —— U.S. ——, ——, 117 S.Ct. 337, 338, 136 L.Ed.2d 266 (1996) (per curiam).

■ Duckett argues that *O'Neal v. McAninch*, 513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) placed the burden on the State to show that an error was harmless, and that the district court accordingly erred by placing the burden on him. We need not decide the effect of *O'Neal*, however, because the result is the same no matter who carries the burden. If Duckett bore the burden of showing that his shackling was not harmless, the record shows that he failed to carry this burden, whereas if the burden was on the State to show that Duckett's shackling was harmless, it met its burden.

We affirm the district court's denial of Duckett's petition for habeas corpus.

AFFIRMED.