141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SOLAHART INDUSTRIES PTY. LTD., an Australian corporation,
doing business as Solahart America, Plaintiff-Appellant,
v.
International Association of Plumbing and Mechanical
Officials, a California non-profit corporation; Iampo
Research and Testing Inc., a California nonprofit corp;
City of Vista, a municipal corp., on behalf of itself and
all others similarly situated; Does 1 Through 100,
inclusive, Defendants-Appellees.
United States of America, Plaintiff-Appellee,
v.
John COX, Defendant-Appellant.
 No. 96-56731.
D.C. No. CV-96-00239-IEG.
D.C. No. CR-95-0385-RJT.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Mar. 5, 1998.
Argued and Submitted Feb. 3, 1998.
Decided Mar. 18, 1998.
 
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding.
 Appeal from the United States District Court for the Central District of California Robert J. Timlin, District Judge, Presiding.
 Before BRUNETTI, THOMPSON and T.G. NELSON, Circuit Judges.
 Before FLETCHER, MAGILL,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the district court's summary judgment for the reasons set forth in its order granting summary judgment dated October 23, 1996 and filed October 24, 1996.
 
 
 3
 AFFIRMED.
 
 I.
 
 4
 Cox's mother-in-law, Lucy Edwards, lived in Cox's household with Cox and his wife, Arlena. Edwards began receiving monthly Black Lung Benefit checks as a surviving spouse in October 1979. Although Edwards died on October 23, 1979, monthly Black Lung Benefit checks continued to arrive for her at Cox's home. Cox and Arlena forged Edwards's signature on the checks and deposited them in a joint bank account held in Edwards's and Arlena's names. Cox and Arlena would withdraw money from the account to use for household expenses. The monthly Black Lung Benefit checks stopped arriving in December 1992, when the Social Security Administration informed the U.S. Department of Labor that Edwards was deceased. In total, $52,200.00 in Black Lung Benefit checks was sent to Edwards after her death.
 
 
 5
 Two special agents of the U.S. Department of Labor, Abel Salinas and Shemitia Toussaint, interviewed Cox at his home on October 20, 1993. During the interview, Cox acknowledged that Edwards had lived at his home and that she had received Black Lung Benefit checks at his address. Cox stated that Edwards had only recently died, that Black Lung Benefit checks sent to his home after Edwards's death had been returned to the government, and that no checks had been deposited in the joint account for quite some time. Cox also stated that he had deposited Black Lung Benefit checks into Edwards and Arlena's joint account, and that he had cashed checks drawn on the joint account.
 
 
 6
 MEMORANDUM*
 
 
 7
 John Cox was convicted by a jury on one count of conspiring to convert U.S. Department of Labor Black Lung Benefit checks, in violation of 18 U.S.C. § 371, and two counts of converting Black Lung Benefit checks, in violation of 18 U.S.C. § 641. He was sentenced to four months imprisonment, four months of home detention, and three years of supervised release, and was ordered to pay $12,024.40 in restitution. Cox now appeals his convictions and sentence, and we affirm.
 
 
 8
 Cox and Arlena were indicted for conspiracy and conversion, and Arlena pled guilty. Cox went to trial on a three-count indictment on March 1, 1996, and the jury returned verdicts of guilty on all three counts on March 13, 1996. During the course of trial, handwriting expert John Shimoda testified for the government that Cox had forged Edwards's name on three Black Lung Benefit checks issued on April 15, 1990, February 19, 1992, and April 13, 1992. In addition, Agents Salinas and Toussaint testified regarding statements Cox made during the interview held on October 20.
 
 
 9
 Arlena testified on her husband's behalf that only she and her daughter had converted the Black Lung Benefit checks, and that Cox had not been involved. To bolster her credibility following the government's cross-examination, Cox sought to elicit testimony from Arlena on redirect examination that she had rejected a plea bargain that would have required her to testify against her husband. The district court refused to admit this evidence as irrelevant.
 
 
 10
 Following Cox's conviction, the district court denied Cox's motion for a downward adjustment in sentencing under U.S.S.G. § 3B1.2(b) for being a minor participant, finding that "Mr. Cox's conduct as to those counts was not minimal in comparison with Ms. Arlena Cox's participation." Sentencing Tr. at 24, reprinted in Government's Excerpts of R. at 147. Cox now appeals his sentence and conviction.
 
 II.
 
 11
 Cox first argues that, because the government only proved that he had forged Edwards's signature on Black Lung Benefit checks in 1990 and 1992, evidence of his wife's conversion of Black Lung Benefit checks between 1979 and 1990 was inadmissible evidence of prior bad acts. We disagree. To prove its case against Cox for conspiracy, the Government had to "show an agreement between two or more persons to accomplish an illegal objective, coupled with one or more overt acts in furtherance of the illegal purpose." United States v. Hubbard, 96 F.3d 1223, 1226 (9th Cir.1996). Here, evidence that Edwards's Black Lung Benefit checks were sent to Cox and Arlena's home from 1979 until 1992, and that both Cox and Arlena repeatedly forged and deposited Edwards's checks following her death, tended to prove that Cox and his wife had agreed to convert those Black Lung Benefit checks. Evidence of Arlena's conversion of Black Lung Benefit checks tended to prove the scope and methods of the conspiracy, and the district court did not abuse its discretion in admitting this evidence. See United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir.1995) ("other acts evidence" is admissible if "it constitutes a part of the transaction that serves as the basis for the criminal charge").
 
 
 12
 Cox next contends that the government elicited statements from a defense witness on cross-examination for the purpose of introducing otherwise inadmissible expert testimony for rebuttal. Even assuming that such conduct is improper, the district court in this case specifically found that "the Government's line of questioning and specific questions were not for the purpose of submitting to the jury substantive evidence that was unavailable or inadmissible." Trial Tr. at 540, reprinted in Appellant's Excerpt of R. at 167. This finding of fact is reviewed only for clear error, see United States v. Jaramillo, 69 F.3d 388, 389 (9th Cir.1995), and no error is apparent in this case.
 
 
 13
 Cox also argues that his statements to Agents Salinas and Toussaint should not have been admitted because the agents had induced him to speak by agreeing that his statements would be "off the record." See United States v. Harrison, 34 F.3d 886, 890 (9th Cir.1994) (statement is involuntary if "the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne" (quotations omitted)). Based on its determination of the witnesses' credibility, the district court found that Cox never requested that his statements be off the record, and that the agents had made no such promises to the defendant. See Findings of Fact (May 28, 1996) at 3, reprinted in Government's Excerpts of R. at 54. This Court must give special deference to the district court's credibility determinations, see Duckett v. Godinez, 109 F.3d 533, 535 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 135, 139 L.Ed.2d 84 (1997), and " '[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." ' Id. (quoting Anderson v. Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Because the district court's findings are supported by the record, the defendant's argument must fail.
 
 
 14
 Cox next argues that Arlena's proposed testimony regarding her rejection of a plea bargain was probative of her honesty, and that the district court's exclusion of it was an abuse of discretion mandating reversal. Even assuming that the district court erred in excluding this evidence, we may not reverse Cox's conviction if there is a fair assurance that the error was harmless. See United States v. Crosby, 75 F.3d 1343, 1349 (9th Cir.1996). Here, Arlena's proposed testimony was scarcely probative of her truthfulness; rather, it was more probative of the prosecution's theory that she was willing to do anything to keep her husband out of jail. In light of the overwhelming evidence that Cox was personally involved in conspiring to convert and actually converting Edwards's Black Lung Benefit checks, we conclude that Cox was not prejudiced by the exclusion of this evidence.
 
 
 15
 Finally, Cox challenges his sentence, arguing that the district court clearly erred when it found that Cox was not a minor participant. See United States v. Hatley, 15 F.3d 856, 859-60 (9th Cir.1994) (standard of review). To qualify for a reduction under U.S.S.G. § 3B1.2(b) for being a minor participant, a defendant "should be 'substantially' less culpable than his co-participants." United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994). In this case, Cox was an active participant with Arlena in a long-standing conspiracy to convert Black Lung Benefit checks. Cox repeatedly forged his deceased mother-in-law's name on checks, deposited those checks into his wife's bank account, and withdrew cash from that account. In the circumstances of this case, we do not believe that the district court clearly erred in finding that Cox was not substantially less culpable than Arlena.
 
 
 16
 AFFIRMED.
 
 
 
 **
 Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3