In re: James E. ROBERTSON, Debtor,

Robert L. Ford, Plaintiff–Appellee,

v.

James E. Robertson, Defendant–Appellant.

No. 01–35541.
D.C. No. CV–00–00063–DWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Nov. 19, 2002.

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM*

James E. Robertson ("Robertson") appeals the district court's order affirming the bankruptcy court's final decision (1) finding that Robert L. Ford ("Ford"), appellee, had standing to object to the discharge, and (2) denying the discharge under 11 U.S.C. § 727(a)(2) and (4) for making fraudulent transfers and false oaths.

We have jurisdiction under 28 U.S.C. § 158(d) ("The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered" by the district court sitting in its appellate capacity over the bankruptcy court). We review de novo the district court's decision on an appeal from a bankruptcy court. *See In re Cardelucci*, 285 F.3d 1231, 1233 (9th Cir.2002). No deference is given to the district court's decision. *See In re Harmon*, 250 F.3d 1240, 1245 (9th Cir.2001). We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *See In re Su*, 290 F.3d 1140, 1142 (9th Cir.2002). For the reasons stated by the bankruptcy court, we affirm.

## I  Standing

The bankruptcy court found that Ford had standing as a third-party beneficiary. Because Ford is not specifically mentioned in the contract between Robertson and Rustics of Lindbergh Lake, Inc. ("RLLI"), the bankruptcy court necessari-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ly turned to extrinsic evidence to determine that he was an intended beneficiary. When a district court uses extrinsic evidence to interpret a contract, the findings of fact themselves are reviewed under the clearly erroneous standard, while the principles of contract law applied to those facts are reviewed de novo. *See DP Aviation v. Smiths Indus. Aerospace & Def. Sys., Ltd.,* 268 F.3d 829, 836 (9th Cir. 2001). "We accept the lower court's findings of fact unless upon review we are left with the definite and firm conviction that a mistake has been committed." *United States v. Doe,* 155 F.3d 1070, 1074 (9th Cir.1998) (en banc). The bankruptcy court referred to numerous facts in support of its finding that Ford was an intended beneficiary. Because those facts are sufficient to support the finding, we cannot overturn it on appeal.

Robertson argues that even if Ford were an intended beneficiary, Ford still has no claim because Robertson rescinded the contract due to RLLI's material breach. We agree with the bankruptcy court that Robertson failed properly to rescind the contract under Mont.Code Ann. § 28–2–1713. The Bankruptcy Court noted Robertson's testimony that he offered to restore RLLI's property on the condition that he be compensated for all payments made toward the IRS lien, property taxes, and other monies he invested.[1] However, even if such an offer was made, Robertson's demands were conditioned upon receiving more from RLLI than he was entitled to under the contract.[2] Further, Robertson retained the property without paying its full price, and his only other interest in the property was that of a mortgage holder.

## II Denial of Discharge

In the main, Robertson does not dispute the facts underlying the bankruptcy court's conclusions that he made fraudulent transfers and false oaths. Rather he attempts to explain away the transfers as innocently made and the false statements as immaterial. However, whether a debtor acted with intent to hinder, delay, or defraud creditors is a finding reviewed for clear error. *In re Lawson,* 122 F.3d 1237, 1240 (9th Cir.1997). "Where there are two permissible views of the evidence the factfinder's choice between them cannot be clearly erroneous." *Duckett v. Godinez,* 109 F.3d 533, 535 (9th Cir.1997) (per curiam) (citation omitted). Further, and importantly, the bankruptcy court found that neither Robertson nor his wife, Beverly, were credible witnesses. It is well established that special deference is paid to a trial court's credibility findings. *See Anderson v. City of Bessemer,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

The record as a whole, particularly in light of the credibility finding, supports the bankruptcy court's inferences and findings that the deposits to Beverly's business account were transfers made with intent to hinder, delay, or defraud his creditors. *See In re Wills,* 243 B.R. 58, 64 (9th Cir. BAP 1999) (stating that fraudulent intent may be inferred from "a close relationship between the transferor and the transferee"). Likewise, the bankruptcy court's findings that the false oaths were material as concealing the purpose of the transfers to Beverly's account are also supported by the record and cannot be overturned. *See*

---

1. Robertson confirmed at oral argument that no written offer was made to restore the property.

2. Robertson was not obligated under the contract to pay the property taxes and IRS lien payments. Even though he *may* have had a restitution claim, those payments were outside the terms of contract.

*id.* at 62 ("A false statement is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.") (citation omitted).

**AFFIRMED.**