
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JOSEPH H. PARKS and TIFFANY M. PARKS, <br><br>      Debtors, <br><br> ───────────────────────── <br><br> JOSEPH H. PARKS, DBA Pool Construction Services, <br><br>      Appellant, <br><br>   v. <br><br> ANGELUS BLOCK CO., INC., <br><br>      Appellee. | No. 12-60073 <br><br> BAP No. 11-1565 <br><br> AMENDED MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Markell, and Dunn, Bankruptcy Judges, Presiding

Argued and Submitted April 11, 2014
Pasadena, California

Before: N.R. SMITH and MURGUIA, Circuit Judges, and MCNAMEE, Senior District Judge.[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Stephen M. McNamee, Senior U.S. District Judge for the District of Arizona, sitting by designation.

Parks appeals the bankruptcy court's decision (affirmed by the bankruptcy appellate panel) that his obligation to Angelus Block Co., Inc., is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

We review de novo the bankruptcy appellate panel's decision. *Steelcase Inc. v. Johnston (In re Johnston)*, 21 F.3d 323, 326 (9th Cir. 1994). We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Id.* Our review also considers the "fresh start policy": "exceptions to discharge should be strictly construed against an objecting creditor and in favor of the debtor." *Snoke v. Riso (In re Riso)*, 978 F.2d 1151, 1154 (9th Cir. 1992).

We will reverse a bankruptcy court's evidentiary ruling only for an abuse of discretion that also prejudiced the complaining party. *Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir. 2008).

I.

A debtor is not discharged in bankruptcy from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). To prevail on a § 523(a)(2)(A) claim, a "creditor must demonstrate by a preponderance of the evidence" the following five factors:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). Whether the creditor has established each element is a finding of fact that we review for clear error. *See, e.g.*, *Eugene Parks Law Corp. Benefit Pension Plan v. Kirsch (In re Kirsch)*, 973 F.2d 1454, 1456 (9th Cir. 1996) (per curiam); *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1342 (9th Cir. 1986).

1.     "[T]he nondisclosure of a material fact in the face of a duty to disclose" constitutes a fraudulent representation under § 523(a)(2)(A). *See Apte v. Japra (In re Apte)*, 96 F.3d 1319, 1323-24 (9th Cir. 1996). Parties to a business transaction owe each other a duty of disclosure "if [one] knows that the other is about to enter into [the transaction] under a mistake as to [facts basic to the transaction], and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts." *Id.* at 1324 (internal quotation marks omitted).

The bankruptcy court did not clearly err in finding that Parks failed to disclose a material fact when he did not disclose to Angelus the owner of the four Lang properties.[1] That nondisclosure is material, because Parks was aware of the importance to Angelus of knowing "the destination and use of the materials in question." Further, this omission is actionable under § 523(a)(2)(A), because Parks owed Angelus a duty to disclose. Though Angelus submitted no evidence of a special relationship or customs of the trade, other objective circumstances, *In re Apte*, 96 F.3d at 1324, gave rise to the duty. Specifically, the number of prior transactions between Parks and Angelus, the ratio of Reiger properties to Lang properties in the subdivision, and Parks's knowledge that Angelus needed to know the owner of each property to file a mechanic's lien together created a duty to disclose between Parks and Angelus. *See also Citibank (S.D.), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1089 (9th Cir. 1996) (noting that a duty to disclose exists when a debtor creates a "facade" that conceals fraudulent intentions not to pay back a debt).

2.     The bankruptcy court did not clearly err when it concluded that "Parks knew he was giving the impression through nondisclosure that the materials" ordered for

---

[1]Parks claims his disclosure of the properties' addresses was equivalent to disclosing the owner. He has not provided relevant authority supporting this view.

the four Lang properties were for Rieger properties. That Parks knew of his non-disclosure is substantiated by the bankruptcy court's "plausible" view of the evidence, *Anderson v. City of Bessemer*, 470 U.S. 564, 573-74 (1985), that Parks was trying to get Rieger to pay for the supplies used on the Lang properties.

3. The bankruptcy court did not clearly err in finding that Parks "failed to disclose [the owner of the four Lang properties] with an intent to deceive so as to accomplish the goal of having Mr. Rieger pay for the amounts that would have been owed on the Lang project." Again, we decline to upset the bankruptcy court's plausible view of the evidence, especially where heavily intertwined with its credibility determinations. *See Duckett v. Godinez*, 109 F.3d 533, 535 (9th Cir. 1997).

4. The bankruptcy court did not clearly err in finding that Angelus's reliance on Parks's omission was justifiable. Angelus had received the necessary information from Parks on over 82 Rieger properties. When Parks ordered materials for the first Lang property, he notified Angelus of its owner. Under those circumstances, it was not unjustifiable for Angelus to rely on Parks to inform it when he ordered materials within the same vicinity of so many Rieger properties for a non-Rieger property. *See Field v. Mans*, 516 U.S. 59, 71 (1995).

5.     Here, the bankruptcy court did not clearly err in finding that Parks's omission caused Angelus's damage: "As a consequence of the non-disclosure, [Angelus] was unable to obtain a lien on the Lang project and the evidence is that there remain amounts due with respect to the materials supplied to the Lang project." *Accord In re Apte*, 96 F.3d at 1323.

Parks's claim of no causation, because Angelus was actually paid by Rieger for the materials used on the Lang properties, fails. The bankruptcy court found, within its discretion, that Parks improperly directed Angelus to apply payment from Rieger to the Lang projects, and this error was eventually corrected by Angelus.

## II.

The bankruptcy court's discretionary evidentiary rulings need not be reversed. Spasojevic's testimony struck for lack of personal knowledge was cumulative of other evidence, so there was no prejudice; Spasojevic's testimony struck as hearsay was properly excluded, because Parks offered it for the truth of the matter asserted. *In re Slatkin*, 525 F.3d at 811.[2]

---

[2] To the extent Spasojevic's testimony was offered to impeach Rieger's testimony, the bankruptcy court did not abuse its discretion in concluding that Spasojevic's testimony did not contradict Rieger's "specific" testimony regarding the lack of an agreement between Parks and Rieger. *In re Slatkin*, 525 F.3d at 811.

III.

The bankruptcy court's oral ruling, which incorporated by reference Angelus's post-trial brief, was explicit enough to give us a clear understanding of its factual findings and legal conclusions. That suffices under Federal Rule of Procedure 52(a). *Irish v. United States*, 225 F.2d 3, 8 (9th Cir. 1955).

**AFFIRMED**.