Steve M. CASTILLO, Petitioner–
Appellant,

v.

Jerry STAINER, Warden,
Respondent–Appellee.

No. 91–16146.

United States Court of Appeals,
Ninth Circuit.

July 9, 1993.

Before: BOOCHEVER, NOONAN, and
O'SCANNLAIN, Circuit Judges

**ORDER**

The opinion in the above-entitled case at 983 F.2d 145 (9th Cir.1992) is amended as follows:

Page 148, [4], line 16, strike "Where" through line 21, first column, page 149. Replace with the following:

Castillo contends that his chaining falls within this class of error. He points to *Holbrook v. Flynn*, 475 U.S. 560, 568, 106 S.Ct. 1340, 1345, 89 L.Ed.2d 525 (1986), describing shackling as an "inherently prejudicial practice." He invokes *Riggins v. Nevada*, — U.S. —, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992), which held that harmless error analysis should not be applied where the defendant had been involuntarily medicated throughout the trial. The Court noted that it would be a matter of guessing as to whether actual prejudice had resulted from the forced medication and analogized the forced medication to compelling the defendant to wear prison clothes or to binding and gagging the accused during trial. *Id.* at —, 112 S.Ct. at 1816.

As in most judicial questions, it is a matter of degree. If Castillo had been bound and gagged or forced to wear prison clothes or medicated against his will, the impact upon him and his defense would be so pervasive that the error in permitting such a practice would not be susceptible of harmless error analysis. The chaining here, however, did not reach this degree of restraint. Conse-

quently, we apply the general rule: Where "the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless-error analysis." *Rose v. Clark*, 478 U.S. 570, 579, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986). We apply this strong presumption. Chaining, while odious and a last resort, does not strip a trial of its basic elements and, in this less extreme form, is susceptible of harmless error analysis.

The burden then falls upon Castillo to show that the chaining "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, — U.S. —, —, 113 S.Ct. 1710, 1714, 123 L.Ed.2d 353 (1993), quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946).

At page 149, second column, lines 21–23, delete "and therefore the court's error was harmless beyond a reasonable doubt," and replace with the following:

Therefore, Castillo has failed to show the error had substantial and injurious effect or influence in determining the jury's verdict and the court's error was harmless.

Judge Boochever's concurring opinion is amended as follows:

At page 149, replace the second sentence beginning "The state trial judge ..." with "Arguably the state trial judge did not violate the Constitution by the shackling order."

With these amendments, the panel has voted to deny the petition for rehearing. Judges Noonan and O'Scannlain have voted to reject the suggestion for rehearing en banc, and Judge Boochever recommends rejection of the suggestion for rehearing en banc.

The full court has been advised of the suggestion for en banc rehearing, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35(b).

The petition for rehearing is denied, and the suggestion for a rehearing en banc is rejected.