Lawtis Donald RHODEN,
Petitioner–Appellant,

v.

James ROWLAND, Director, California
Department of Corrections, et al.,
Respondents–Appellees.

No. 91–56350.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 1, 1993.

Decided Nov. 29, 1993.

Carl R. Katz, Denise Meyer and Charles D. Weisselberg, The Law Center, University of Southern California, Los Angeles, CA, for petitioner-appellant.

David A. Warshaw, Deputy Atty. Gen., Los Angeles, CA, for respondents-appellees.

Before SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.

SCHROEDER, Circuit Judge:

Lawtis Donald Rhoden appeals the district court's dismissal of his habeas corpus petition challenging his sentence and conviction in California state court. We reverse and remand for an evidentiary hearing to determine whether appellant's shackling at trial was prejudicial. We affirm on appellant's other contentions.

Rhoden was convicted after a jury trial in the Orange County California Superior Court of one count of rape, in violation of Cal.Penal Code § 261(2); one count of penetration with a foreign object, in violation of Cal.Penal Code § 289(a); and one count of sexual battery, in violation of Cal.Penal Code § 243.4. The central issue at trial was whether there was consent to the sexual conduct.

*Shackling*

Rhoden's legs were shackled throughout the trial, and as the California Court of Appeal subsequently ruled, without adequate justification. The principal issue in this habeas proceeding is whether the shackling was prejudicial, and this issue in turn depends on whether the jury saw the shackles.

Counsel for Rhoden objected to the shackles. During jury selection, Rhoden told the court that he wanted to turn his chair and look at the prospective jurors, but that when he did so they could see his leg chains. Counsel informed the trial court that he had asked an investigator, Dan Watkins, to sit in the jury seats; Watkins stated that "he could sit there and see clearly Mr. Rhoden's shackles."

Rhoden's direct appeal and state petition for habeas relief were combined in the California Court of Appeal. At that point, Rhoden moved to augment the record to include

[t]he jury list of those persons disclosed at page 362 of the Clerk's Transcript who determined the case along with their addresses and/or phone numbers. It may be necessary to interview the jurors to determine whether the verdict can be impeached because of the impact of the shackling of appellant.

This motion was denied without comment. On appeal, Rhoden presented his declaration that he had seen the jurors looking at the shackles, as well as an affidavit from the investigator who had seen the shackles from the jury seats.

The California Court of Appeal ruled that the trial court abused its discretion in ordering the leg shackles, 216 Cal.App.3d 1242, 265 Cal.Rptr. 355. The Court of Appeal ruled that the trial court's decision did not meet the showing of "manifest need" for restraints under *People v. Duran*, 16 Cal.3d 282, 290–91, 127 Cal.Rptr. 618, 545 P.2d 1322 (1976). It found that the trial court had relied upon Rhoden's status as a prisoner serving time on other charges, his prior convictions and the pending charges, and his failure to cooperate with deputies. None of these factors was sufficient to demonstrate

"manifest need." In particular, the court noted that Rhoden had not engaged in any disruptive behavior and had not expressed an intention to escape or to disrupt trial. However, it then ruled that the error was harmless because "[n]othing in the record establishes any jurors *actually* saw the shackles." The Court of Appeal rejected Rhoden's declaration and the investigator's affidavit as "too speculative and vague to warrant serious consideration."

In his petition for a writ of habeas corpus in federal district court, Rhoden challenged the state appellate court's findings of fact and the conclusion of law that the shackling was not prejudicial. He offered additional evidence that the jurors had seen the shackles. In an affidavit, attorney Stephen Buckley, who represented Rhoden in the California appellate court, said he had talked to three jurors who had seen the shackles. In addition, investigator Alan Clow and attorney Todd McWhorter provided affidavits that they could see the shackles from the courtroom. Petitioner argued that this evidence was not available to him earlier, because the California Court of Appeal had denied his motion to include the names and addresses of the jurors in the record. He argues that he had to hire a private investigator to uncover the information, and he brought the names to the court's attention as soon as he received them.

The district court denied Rhoden's petition. It noted that the state appellate court's findings of facts have the presumption of correctness, a presumption that can be overcome if its factual findings are not fairly supported by the record. It ruled that the petitioner had not met his burden of showing that the factual finding of the California Court of Appeal was erroneous. The district court deferred to what it characterized as the state court's finding that the jury did not see the shackles: "The factual finding that the jury did not see the shackles clearly decides this issue. If the jury did not know that Petitioner was shackled, it follows that the jury was not influenced by it, and Petitioner was not prejudiced." The district court then concluded that:

Petitioner does not meet his burden on this issue; the appellate court's decision is fairly supported by the record. This Court's review of the record found nothing indicating that any juror actually saw the shackles, Petitioner's arguments notwithstanding. Without evidence that a juror saw the shackles, this Court must presume that no one did. It follows that there was no constitutional violation.

In a footnote to this conclusion, the district court reviewed Rhoden's new affidavit that three jurors had stated they saw the shackles. The court stated that it did not consider this information because it was hearsay. It then added that even if it considered the information to be true, the affidavits did not provide a basis for habeas relief, because under *Harris v. Vasquez*, 913 F.2d 606, 627 (9th Cir.1990), *superseded by* 949 F.2d 1497 (9th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 1275, 117 L.Ed.2d 501 (1992), the evidence did not show Rhoden would have been acquitted if the jurors did see the shackles.

The California Court of Appeal found, and the respondents do not disagree, that the trial court abused its discretion when it ordered the shackles for Rhoden. Rhoden should not have been shackled during trial. The trial court's action did not meet any of the criteria established by this court for the imposition of shackles. It did not establish a compelling need for shackling; it did not pursue less restrictive alternatives, and it did not assess the harms to the defendant which arise from shackling. Its reasons for imposing the shackling were insufficient. *See Castillo v. Stainer*, 983 F.2d 145 (9th Cir.1992), *amended* 997 F.2d 669 (9th Cir.1993); *Jones v. Meyer*, 899 F.2d 883, 884–85 (9th Cir.), *cert. denied*, 498 U.S. 832, 111 S.Ct. 95, 112 L.Ed.2d 67 (1990); *Spain v. Rushen*, 883 F.2d 712, 721 (9th Cir.1989), *cert. denied*, 495 U.S. 910, 110 S.Ct. 1937, 109 L.Ed.2d 300 (1990).

██ Shackling is not per se unconstitutionally prejudicial. *Illinois v. Allen*, 397 U.S. 337, 342–44, 90 S.Ct. 1057, 1060–61, 25 L.Ed.2d 353 (1970). A claim of unconstitutional shackling is subject to harmless error analysis. *Castillo*, 997 F.2d at 669. In order

to succeed on his claim, Rhoden must show that the shackling "had substantial and injurious effect or influence in determining the jury's verdict." *Id.* (citing *Brecht v. Abrahamson,* —— U.S. ——, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). In deciding whether the court's erroneous decision to shackle violated due process, a federal habeas court should "determine whether what [the jurors] saw was so inherently prejudicial as to pose an unacceptable threat to defendant's right to a fair trial." *Holbrook v. Flynn,* 475 U.S. 560, 572, 106 S.Ct. 1340, 1347, 89 L.Ed.2d 525 (1986). Of course, if the jurors never saw Rhoden's shackles, then he cannot show prejudice. In short, whether the petitioner was deprived of a fair trial in this case depends on what the jury saw.

The problem before us is that while both the state appellate court and the district court placed the burden on Rhoden to show prejudice, they never gave him an adequate opportunity to demonstrate whether or not the jurors saw the shackles. He offered evidence in the state trial court that the jurors could see the shackles, but the trial court disregarded the offer because it had concluded, erroneously, that shackling was required. Petitioner attempted to develop the record of prejudice in the state court of appeal. The state court of appeal rejected the affidavits of counsel and an investigator that the Rhoden's shackles were in the jurors' line of vision during voir dire as too speculative to support a finding that any juror actually saw the shackles, but the court of appeal also declined to give Rhoden's counsel the names of jurors so the jurors could be questioned directly.

■ The power of inquiry on federal habeas corpus is plenary. *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), *overruled in part by Keeney v. Tamayo–Reyes,* —— U.S. ——, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). "[W]here an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the application is made has the power to receive evidence and try the facts anew." *Id.* Rhoden was denied the opportunity before both state courts to develop the record on whether the shackling prejudiced his defense. *See* 28 U.S.C. § 2254(d)(3) (findings of fact by state court shall be presumed correct unless "the material facts were not adequately developed at the State court hearing"). Because we conclude the material facts were not adequately developed by the state courts, we remand so that Rhoden may be permitted to develop the factual record on the issue of prejudice. The state court finding on which the district court relied was not entitled to a presumption of correctness because the material facts on which it was predicated were not adequately developed.

■ The government argues that petitioner's latest affidavits offer "new evidence" that can be considered only if appellant meets the "cause and prejudice" standard of *Keeney v. Tamayo–Reyes,* —— U.S. ——, ——, 112 S.Ct. 1715, 1718, 118 L.Ed.2d 318 (1992). The government argues that petitioner should have developed the factual record at trial by asking the judge to inquire of the jurors if they had seen the shackles.

The government's position is flawed because in this case, unlike *Tamayo–Reyes,* petitioner took all steps possible to make a timely record of prejudice. Most of the evidence cannot be regarded as newly discovered. Petitioner's attorney consistently opposed the shackles at trial out of fear that the jury would be prejudiced. He argued before the trial court that the jurors could see the shackles, and offered evidence to support his claim. He did not question the jurors during the trial because he reasonably feared that his client would be prejudiced by having the jurors' attention called to the shackles. Counsel attempted to supplement the record on his direct appeal to the California Court of Appeal by requesting the court to provide the names and addresses of jurors, so that they could be questioned about the shackles. Appellant should have been permitted to develop the record on the issue of the shackling's prejudice to his defense. We remand so that he may do so now.

### *Other Contentions*

■ Appellant's other contentions on appeal are not persuasive. Rhoden argues that he was unconstitutionally prevented from

testifying by the trial court. Before trial, the judge told Rhoden that he could be cross-examined about two pending rape charges even if he did not open the door to those charges under direct examination. In those charges, two other girls alleged that Rhoden had raped them, in a manner similar to that alleged in this case. Rhoden did not testify in his own defense. Instead, he presented eleven witnesses to impeach the credibility of the victim.

"[A] defendant who testifies in his own behalf waives his privilege against self-incrimination with respect to the relevant matters covered by his direct testimony and subjects himself to cross-examination by the government." *United States v. Hearst*, 563 F.2d 1331, 1339 (9th Cir.1977), *cert. denied*, 435 U.S. 1000, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978). "Thus, a defendant may be found to have waived her right to refuse to testify regarding prior bad acts ... so long as [the testimony] is being offered for a purpose reasonably related to a material issue raised in the defendant's testimony on direct examination." *United States v. Cuozzo*, 962 F.2d 945, 948 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 475, 121 L.Ed.2d 381 (1992). At the heart of Rhoden's claim, then, is the contention that the trial court erred by ruling that the other alleged rapes were reasonably related to his proposed direct testimony.

According to his offer of proof, Rhoden would testify that the victim consented to sex because she needed $200. In addition, he would testify that the victim "never asked him to stop, and she never cried during sexual intercourse. [He] sincerely believed by her acts and conduct that she was consenting." Rhoden does not contest the district court's conclusion that the evidence of the other rapes was admissible under California law because it was relevant to whether he had a reasonable, good faith belief that the victim consented. His offer of proof clearly suggests that he would testify that he "sincerely believed" she was consenting. Accordingly, the trial court did not err by ruling that his proposed testimony would open him to cross-examination concerning the other rapes.

Appellant also argues that there was insufficient evidence to establish the element of force or fear which is necessary for conviction for both rape and penetration with a foreign object under Cal.Penal Code §§ 261 and 289(a). He argues that there is no evidence that he threatened the victim, and no evidence of force used against her.

■ In reviewing a sufficiency of the evidence challenge, we must decide "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979). Here, the victim testified that she had sex with Rhoden because she was afraid of what might or could happen to her. The victim testified that Rhoden said, "Don't be nervous; I won't hurt you," or "I don't want to hurt you." Moreover, she testified that she construed those words as a threat. A rational finder of fact could readily have found that the statement "I don't want to hurt you" made under the circumstances of this case constituted a threat sufficient to put the victim in fear of bodily injury. *See People v. Jeff*, 204 Cal.App.3d 309, 324, 251 Cal. Rptr. 135, 143 (5th App.Dist.1988); *see also People v. La Salle*, 103 Cal.App.3d 139, 148–49, 162 Cal.Rptr. 816, 820–21 (2d App.Dist. 1980).

■ Rhoden also contends that the state exceeded its sentencing authority by sentencing him separately for the act of rape and the act of digital penetration. According to Cal.Penal Code § 654, "[a]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one." Rhoden contends that the digital penetration was incidental to the act of intercourse and therefore cannot constitutionally be punished as a separate crime. However, "[i]t is well settled that a single transaction can give rise to distinctive offenses under separate statutes without violating the Double Jeopardy Clause." *People of the Territory of Guam v. Iglesias*, 839 F.2d 628, 629 (9th Cir.1988) (citing *Albernaz v. United*

States, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981)).

Under California law, a defendant may receive multiple punishments for numerous sex offenses rapidly committed with the sole aim of sexual gratification. *People v. Perez*, 23 Cal.3d 545, 153 Cal.Rptr. 40, 44–45, 591 P.2d 63, 68 (1979). Although Rhoden contends that the digital penetration was incidental to the act of intercourse, "it is immaterial that the acts may be closely connected in time and a part of the same criminal venture so long as they are separate and distinct and one act is not committed as a means of committing another." *People v. Reynolds*, 154 Cal.App.3d 796, 810, 201 Cal.Rptr. 826, 832 (2d Dist.1984). Rhoden contends that the two acts of penetration "were instantaneous" and therefore constitute "a single sexual encounter." The victim's testimony indicates, however, that the two acts of penetration were not simultaneous. The act of digital penetration does not appear to have been necessary or preparatory to the act of intercourse. *Cf. People v. Perkins*, 129 Cal. App.3d 15, 18, 180 Cal.Rptr. 763, 765 (1982). Punishments were inflicted for distinct crimes. There was no violation of the federal prohibition against double jeopardy.

### Conclusion

The district court's denial of habeas relief in connection with petitioner's shackling claim is reversed and the matter remanded for an evidentiary hearing to determine what the jurors saw and whether it was so inherently prejudiced that it threatened the fairness of the trial. *See Holbrook v. Flynn*, 475 U.S. 560, 572, 106 S.Ct. 1340, 1347–48, 89 L.Ed.2d 525 (1986). The judgment of the district court is otherwise affirmed.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

O'SCANNLAIN, Circuit Judge, specially concurring:

Although I concur in the result, I do not concur in the court's analysis. The Supreme Court has "held that 28 U.S.C. § 2254(d) requires federal courts in habeas proceedings to accord a presumption of correctness to state-court findings of fact. This require-

ment could not be plainer." *Sumner v. Mata*, 455 U.S. 591, 591–92, 102 S.Ct. 1303, 1304, 71 L.Ed.2d 480 (1982). This presumption is so strong "that if a federal court concludes that the presumption of correctness does not control, it must provide a written explanation of the reasoning that led it to conclude" that one of the eight exceptions from section 2254(d) applies. *Id.* at 592, 102 S.Ct. at 1304.

The majority's opinion simply does not give sufficient weight to this presumption. Instead of starting with the presumption of correctness of the state court's factual findings and reasoning how this presumption is overcome in the present case, the court adopts, at pages 1459–60 of its opinion, sweeping language of the federal courts' "plenary" power to try facts anew. The majority's reliance on *Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), is inappropriate given that *Townsend* was decided three years *before* Congress enacted 28 U.S.C. § 2254(d), *see Keeney v. Tamayo–Reyes*, ——— U.S. ———, ———, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992) (O'Connor, J., dissenting). It is section 2254(d) which governs the level of federal deference to a state court's factual findings, not *Townsend*. Under section 2254(d), this court may not dismiss the state court's finding that the jury did not see the appellant's shackles unless it clearly determines and articulates which one of the eight exceptions of section 2254(d) is met. While the majority mentions section 2254(d)(3) in passing as an appropriate exception in this case, it fails to acknowledge the general rule of deference to a state court's findings of facts before applying the exception.

This habeas case turns on whether the jury saw that the petitioner was shackled without justification during his trial, in violation of his constitutional rights. *See Castillo v. Stainer*, 983 F.2d 145, 148 (9th Cir.1992) ("constitutional error is committed by a state court that shackles without" appropriate justification). There are three reasons why the material fact of whether the jury could see the petitioner's shackles was not adequately developed at the State court. First, the state trial court reasoned that the petitioner

could have asked the jurors <del>whether they</del> saw his shackles. This, of course, is a Catch–22. If the petitioner had asked, then attention would have been drawn to the shackles. Rhoden took steps at each stage of the proceedings to develop a record that the jury could see his shackles, short of explicitly asking the jury to observe them.

Second, the state appellate court ruled that even though the shackling was an abuse of discretion, the error was harmless because "[n]othing in the record establishes any jurors actually saw the shackles." But the court rejected testimony from a private investigator that the shackles were visible from the jury seats and the court refused to release the jurors' names so that Rhoden could obtain direct evidence.

Third, by the time the private investigator, hired by the petitioner, had located three jurors who stated that they had seen the petitioner's shackles, the district court had deferred to the state court's finding that the jury had not seen the shackles. In short, the original factual finding to which subsequent courts have deferred was flawed because it did not allow the petitioner a fair opportunity to present evidence that the juror's saw his shackles. For these reasons, I am persuaded that section 2254(d)(3) applies and the presumption of correctness is overcome in this case.

The federal courts cannot simply "try facts anew" in state habeas cases, as the opinion states. Rather, a federal court must accept the factual findings of the state court unless one of the eight exceptions of section 2254(d) is clearly satisfied. Federal trial courts should not be misled into the temptation to do otherwise.