50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin Walter SCOFIELD, Petitioner-Appellant,
v.
Carl ZENON, Superintendent, Oregon State Correctional
Institution, Respondent-Appellee.
 No. 94-35232.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.**
Decided March 14, 1995.
 
 MEMORANDUM*
 Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.
 
 
 1
 Marvin Scofield, serving a murder sentence in Oregon prison, appeals the district court's denial of his habeas petition under 28 U.S.C. Sec. 2254. Scofield contends that his due process rights were violated when the prosecutor failed to obtain a blood alcohol test that would have preserved his ability to use voluntary intoxication as a defense to the murder charge. He also argues that he should have been granted an evidentiary hearing and that no deference should be accorded the state court determination because it was based only on affidavits. We have jurisdiction and affirm.
 
 
 2
 During state post conviction proceedings, the court found that no blood alcohol test was performed because Scofield did not appear to be so intoxicated that he could not have formed an intent to kill.[1] Even though the post conviction proceeding was resolved on affidavits, there is no indication that Scofield lacked an opportunity to develop facts. See Rhoden v. Rowland, 10 F.3d 1457 (9th Cir.1993) (requiring district court to develop record where defendant was denied opportunity in state court to develop the record).
 
 
 3
 Due process is violated only in " 'those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant.' " Miller v. Vasquez, 868 F.2d 1116, 1121 (9th Cir.1989), quoting Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Here, there was no substantial evidence of bad faith. Cue's affidavit shows only that Wallan decided not to provide Scofield an "imaginary defense of intoxication." Deputy District Attorney Wallan's affidavit explicitly states the reason: he did not order a BAL since in interviews, Scofield did not appear intoxicated enough to have been unable to form the intent to kill; Wallan also noted Scofield's detailed confessions. As the prosecutor's good faith is the pivotal question, we cannot say that the merits of the factual dispute were not developed or resolved. Thus, the district court did not err in presuming that the state court findings are correct. 28 U.S.C. Sec. 2254.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 Although Scofield attempts to cast his claims as mixed questions of law and fact, the question of why police did or did not act is a question of fact entitled to the presumption of correctness