98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry James SEAGRAVE, Plaintiff-Appellant,
v.
LAKE COUNTY SHERIFF'S DEPARTMENT, Defendant-Appellee.
 No. 94-16277.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harry James Seagrave, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition and granting of summary judgment in favor of defendant with respect to his claims brought under 42 U.S.C. § 1983. Seagrave claims that his Sixth Amendment right to self-representation, his fourteenth amendment right to due process, and his Eight Amendment right to be free from excessive force as cruel and unusual punishment were violated when he was shackled at several pre-trial and post-trial hearings. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo both a district court's decision on a section 2254 petition, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and a district court's granting of summary judgment, Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995). We affirm.
 
 I. Habeas Claims
 
 3
 Seagrave contends that his due process rights were violated because he was shackled at several pre-trial and post-trial hearings. This contention lacks merit.
 
 
 4
 Absent compelling circumstances, a criminal defendant has a constitutional right to appear before a jury free of shackles. See Spain v. Rushen, 883 F.2d 712, 716, 720 (9th Cir.1989), cert. denied, 495 U.S. 910 (1990). To succeed on a claim of unconstitutional shackling, however, a defendant must show that the shackling "had substantial and injurious effect or influence in determining the jury's verdict." Rhoden v. Rowland, 10 F.3d 1457, 1460 (9th Cir.1993) (internal quotations omitted). "Of course, if the jurors never saw [the defendant's] shackles, then he cannot show prejudice." Id.
 
 
 5
 Here, it is undisputed that Seagrave was never in shackles in the presence of the jury. Therefore, even assuming the trial court failed to justify its reasons for keeping Seagrave shackled, he cannot show that his right to a fair trial was deprived as a result. Id. Accordingly, the district court properly denied relief on this habeas claim. See Godinez, 67 F.3d at 739.
 
 
 6
 Seagrave next contends that his Sixth Amendment right to effective self-representation was denied as a result of the shackling. We affirm the denial of relief on this claim for the reasons stated in the district court's thorough order filed on May 27, 1994.
 
 II. Section 1983 Claims
 
 7
 We affirm the district court's summary judgment in favor of defendant with respect to his section 1983 claims for the reasons stated in the district court's order filed on May 27, 1994.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because of our disposition of this appeal, we do not consider the applicability, if any, of either the Antiterrorism and Effective Death Penalty Act of 1996 or the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Seagrave's request for judicial notice is construed as a Rule 28(j) motion and shall be so filed. See Fed.R.App.P. 28(j). Seagrave's motion to expedite this appeal is denied as moot