141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Monty I. MOSBY, Petitioner-Appellant,
v.
STATE OF OREGON, Respondent-Appellee.
 No. 97-35310.
D.C. No. CV-96-00602-REJ.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Robert E. Jones, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mosby appeals the denial of his petition for a writ of habeas corpus. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 2253, and we affirm. The Antiterrorism and Effective Death Penalty Act does not apply because this petition was filed prior to April 24, 1996. See Lindh v. Murphy, --- U.S. ----, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).
 
 
 3
 Mosby's first contention is that the district court erred in denying him an evidentiary hearing to resolve factual disputes that were allegedly not adequately developed in state court. See 28 U .S.C. § 2254(d)(3) (1994). An evidentiary hearing is available under this ground only if the petitioner shows that he "was denied the opportunity before ... state courts to develop the record." Rhoden v. Rowland, 10 F.3d 1457, 1460 (9th Cir.1993). Mosby fails to make any such showing; instead, he argues merely that there were various factual disputes and conflicts. These conflicts were resolved in state post-conviction proceedings; therefore, no evidentiary hearing was warranted.
 
 
 4
 Next, Mosby argues that he received ineffective assistance of counsel because his attorney failed to discuss intoxication as a defense and to explain the meaning of his "no contest" plea to aiding and abetting sodomy. However, the state post-conviction proceedings resolved these factual allegations against Mosby, and its findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(d). Therefore, Mosby has failed to demonstrate that he received ineffective assistance of counsel.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3