**Lawtis Donald RHODEN, Petitioner–Appellant,**

v.

**James ROWLAND; Attorney General of the State of California, Respondents–Appellees.**

No. 96–56421.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 1998.

Filed Sept. 3, 1998.

Opinion Withdrawn March 25, 1999.

Decided March 25, 1999.

**634**

Dennis P. Riordan, Riordan & Rosenthal, San Francisco, California, and Gary L. Anderson, University of Tennessee, Knoxville, Tennessee, for the petitioner-appellant.

Robert David Breton, Steven D. Matthews, Deputy Attorneys General, Los Angeles, California, for the respondents-appellees.

Before: LAY,[1] GOODWIN, and SCHROEDER, Circuit Judges.

## ORDER

The opinion filed September 3, 1998 is ORDERED withdrawn and the AMENDED OPINION is ORDERED filed.

The panel has voted to deny the petition for rehearing and to deny the petition for rehearing en banc.

The full court was advised of the petition for rehearing en banc and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R.App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED.

## OPINION

SCHROEDER, Circuit Judge:

The issue before the court is whether a prisoner is entitled to habeas corpus relief when he has demonstrated that he was shackled during the entire course of his trial, in violation of his constitutional rights, and the shackles were visible from the jury box.

Appellant Lawtis Donald Rhoden was convicted in state court of one count of

1. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

rape, in violation of Cal.Penal Code § 261(2); one count of penetration with a foreign object, in violation of Cal.Penal Code § 289(A); and one count of sexual battery, in violation of Cal.Penal Code § 243.4.

In Rhoden's state court proceedings, the California Court of Appeal found that restraint was not required during Rhoden's trial so that the shackling violated his constitutional rights, but that the error was harmless. In Rhoden's federal habeas appeal, this court held that the state court incorrectly concluded that Rhoden had not been prejudiced. *See Rhoden v. Rowland,* 10 F.3d 1457 (9th Cir.1993) (*Rhoden I*). We so held because the state court had failed to permit Rhoden an opportunity to establish that the shackles were visible and had been seen by the jury. *See id.* We remanded to the district court to determine whether Rhoden suffered prejudice as a result of the shackling. *See id.*

This appeal follows that remand in which, after an evidentiary hearing, the district court found that the shackles were visible to the jury, but held that the actual prejudicial effect on the jury deliberations was insufficient to warrant habeas relief. We conclude that under controlling Supreme Court and Ninth Circuit law the writ must issue, because Rhoden's visible, unconstitutional shackling prejudiced him. *See Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Castillo v. Stainer,* 997 F.2d 669 (9th Cir.1993), *amending* 983 F.2d 145 (9th Cir.1992); *Spain v. Rushen,* 883 F.2d 712 (9th Cir. 1989).

## BACKGROUND

The California trial court conducted a hearing outside the presence of the jury and determined that it would order Rhoden restrained during his trial. The trial court did not establish a compelling need for the shackling, or satisfy other criteria we have established for use of that extreme measure. *See Rhoden I,* 10 F.3d at 1459.

Rhoden's counsel objected to the shackles, but was overruled. To lessen the prejudicial effect of the shackles on the jury, however, Rhoden was escorted to and from the courtroom out of the jury's presence and was instructed to keep his legs under the counsel table.

Rhoden's direct appeal and state petition for habeas relief were combined in the California Court of Appeal. There, Rhoden moved to augment the record with a jury list in order to have access to jurors to determine whether their verdict was affected by the shackling. The California Court of Appeal ruled that the trial court abused its discretion in ordering the leg shackles, but ruled that the error was harmless because "[n]othing in the record establishes that any jurors *actually* saw the shackles." *See id.* (quoting the unpublished opinion of the California Court of Appeal).

Rhoden filed this petition for writ of habeas corpus challenging the state appellate court's findings of fact and the conclusion of law that the shackling was not prejudicial. The petition raised eight separate claims, one of which was that he was denied the right to a fair trial because subsequent investigation revealed that at least three jurors had seen the shackles during the trial. He argued that this evidence was not available to him earlier because the California Court of Appeal had denied his motion to include the jury list in the record.

The district court dismissed the petition with prejudice and Rhoden appealed to this court. We concluded that we could not determine whether the shackling warranted habeas relief without knowing what the jurors saw. *See id.* at 1462. Therefore, we remanded the petition for an evidentiary hearing "to determine what the jurors saw and whether it was so inherently prejudic[ial] that it threatened the fairness of the trial." *See id.*

A magistrate judge held an evidentiary hearing in which testimony was taken from

nine jurors, Rhoden's state court-appointed investigator, the deputy district attorney, and a law student with the Post–Conviction Justice Project. Five jurors testified that they saw the restraints at some point during the proceedings, and that the issue of shackling was not mentioned during deliberations. The magistrate judge concluded that the shackles were visible to the jurors as they sat in the jury box, but made little actual impression on them. Therefore, the magistrate concluded that Rhoden was not inherently prejudiced by the trial court's requirement that he remain shackled in the presence of the jury. The district court adopted his report. This timely appeal followed.

## DISCUSSION

The leading Supreme Court case on shackling during trials is *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). In *Allen,* the Court confronted the dilemma of a contumacious defendant who nevertheless had a Sixth Amendment right to be present at his own trial. Considering the alternative of binding and gagging the defendant in order to conduct the trial, the Court wrote that "no person should be tried while shackled and gagged except as a last resort" because of the distinct possibility of "a significant effect on the jury's feelings about the defendant." *Id.* at 344, 90 S.Ct. 1057. Likewise, in *Estelle v. Williams,* 425 U.S. 501, 504–05, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), the Court noted that where a defendant is forced to wear prison clothes when appearing before the jury, "the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment."

As the Supreme Court developed in *Holbrook v. Flynn,* 475 U.S. 560, 568–69, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986), shackling, like prison clothes, is an indication of the need to separate a defendant from the community at large, creating an inherent danger that the jury may form the impression that the defendant is dangerous or untrustworthy. Therefore, "[i]n the presence of the jury, [the defendant] is ordinarily entitled to be relieved of handcuffs, or other unusual restraints, so as not to mark him as an obviously bad man or to suggest that the fact of his guilt is a foregone conclusion." *Stewart v. Corbin,* 850 F.2d 492, 497 (9th Cir.1988) (internal quotations omitted) (citation omitted).

Because visible shackling during trial is so likely to cause a defendant prejudice, it is permitted only when justified by an essential state interest specific to each trial. *Holbrook,* 475 U.S. at 568–69, 106 S.Ct. 1340. Therefore, due process requires the trial court to engage in an analysis of the security risks posed by the defendant and to consider less restrictive alternatives before permitting a defendant to be restrained. *See Corbin,* 850 F.2d at 497–98.

A jury's brief or inadvertent glimpse of a defendant in physical restraints outside of the courtroom has not warranted habeas relief. *See United States v. Olano,* 62 F.3d 1180, 1190 (9th Cir.1995); *United States v. Halliburton,* 870 F.2d 557, 560–61 (9th Cir. 1989); *Wilson v. McCarthy,* 770 F.2d 1482, 1485–86 (9th Cir.1985). The defendants in those cases did not demonstrate that they suffered actual prejudice. *See Olano,* 62 F.3d at 1190; *Halliburton,* 870 F.2d at 561.

Similarly, when the defendant's shackling was not actually seen by the jury during the trial, we have held that the shackling was harmless error. *See Castillo,* 997 F.2d at 669. But when the defendant's erroneous shackling has been visible to the jurors in the courtroom, we have found the shackling warranted habeas relief. *See Spain,* 883 F.2d at 728–29 (relief warranted where trial court abused its discretion in permitting the painful shackling of defendant's hands for 17 months because the court should have considered the alternative of excluding the defendant from the courtroom for periods of time). *See also Tyars v. Finner,* 709 F.2d 1274,

1284–85 (9th Cir.1983) (unjustified restraints during involuntary commitment proceedings that were visible to the jury were inherently prejudicial).

In *Duckett v. Godinez,* 67 F.3d 734, 747–49 (9th Cir.1995), we followed procedures similar to those we followed here. We recognized that visible restraints, in that case during a jury sentencing hearing, would likely have prejudiced the defendant, but remanded for an evidentiary hearing on prejudice. After remand, we affirmed the district court's finding that the restraints were not visible and the error harmless. *See Duckett v. Godinez,* 109 F.3d 533 (9th Cir.1997). Here, because the district court found the jury did see the shackles, and because this case involves violent crimes and the evidence was disputed, we believe that the trial court's error substantially influenced the jury's verdict.

In cases like this, where the unjustified shackles were not obtrusive, but were visible and actually seen by some of the jurors, the Eleventh Circuit has also held that habeas relief was warranted. *See Elledge v. Dugger,* 823 F.2d 1439, 1450–52 (11th Cir.1987). However, the District of Columbia Circuit, though extremely troubled by the trial court's decision to shackle the defendants without first trying lesser measures, found unconstitutional shackling harmless in a case where there was overwhelming evidence of the defendants' guilt. *Wilson v. United States,* 344 F.2d 166, 166–67 (D.C.Cir.1964) (per curiam). More recently, the Fifth Circuit followed suit in *Wilkerson v. Whitley,* 16 F.3d 64, 67–68 (5th Cir.1994), *vacated by* 16 F.3d at 68, *reinstated in relevant part,* 28 F.3d 498, 509 (5th Cir.1994) (en banc). *Wilkerson* held that it was harmless error for the trial court to try a convicted felon and inmate in unconstitutional shackles and handcuffs because the jury could have assumed that all inmates were tried in shackles and handcuffs and because of the eyewitness evidence against the defendant. We find this reasoning difficult to reconcile with the Supreme Court's reasoning in *Estelle* and *Holbrook* that prison attire is a constant reminder of the accused's status that would impermissibly influence the jury. *See Estelle,* 425 U.S. at 504–05, 96 S.Ct. 1691; *Holbrook,* 475 U.S. at 568–69, 106 S.Ct. 1340.

Due process was denied when the trial court ordered Rhoden shackled during his trial without a proper determination of the need for shackles. *See Holbrook,* 475 U.S. at 568–69, 106 S.Ct. 1340. In *Rhoden I,* we remanded for the district court to determine what the jury saw. *Rhoden I,* 10 F.3d at 1460. The district court found that several of the jurors actually saw the shackles during the trial. Indeed, the jurors remembered the shackles even though the hearing was six years after the trial. At least two jurors remember other jurors making comments to them about the shackles. Moreover, evidence indicates that the shackles caused Rhoden physical and emotional pain during his trial. Thus, there is a strong likelihood of prejudice here. *See Holbrook,* 475 U.S. at 568, 106 S.Ct. 1340; *Spain,* 883 F.2d. at 721; *Elledge,* 823 F.2d at 1451.

Furthermore, Rhoden was charged with violent crimes and the basic issue at his trial concerned whether there was consent or whether Rhoden used force or fear to overcome his accuser's will. The evidence on this issue was disputed and the jurors deliberated for over nine hours over three days, which suggests that they did not find the case to be clear-cut, *Gibson v. Clanon,* 633 F.2d 851, 855 n. 8 (9th Cir.1980). Because at least some of the jurors saw the shackles and because the shackles essentially branded Rhoden as having a violent nature in a case where his propensity for violence was the crucial issue, the shackles "had substantial and injurious effect or influence in determining the jury's verdict" and thus did not constitute harmless error. *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353; *Calderon v. Coleman,* — U.S. —, 119 S.Ct. 500,

503, —— L.Ed.2d —— (1998); *Castillo,* 997 F.2d at 669; *Duckett,* 67 F.3d at 749.

The judgment of dismissal is REVERSED and the matter is REMANDED with instructions to grant the petition.