# UNITED STATES COURT OF APPEALS
## TENCH CIRCUIT
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80257
### (303) 844-3157

Patrick J.  Fisher, Jr.                                                                                    Jane B. Howell
Clerk                                                                                              Chief Deputy Clerk

November 19, 2001


**TO:** ALL RECIPIENTS OF THE ORDER AND JUDGMENT
**RE:** 01-5107, Payne v. Ward
      Filed on October 30, 2001


     Due to a clerical error, the order and judgment filed in the captioned case refers to Terry Lynn Payne as "Terry Lynn Ward," and "Mr. Ward."
     A copy of the corrected order and judgment is attached for your convenience.


                        Sincerely,
                        Patrick Fisher, Clerk of Court


                        By:
                             Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

OCT 30 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TERRY LYNN PAYNE,

        Petitioner-Appellant,

v.

RONALD WARD,

        Respondent-Appellee.

No. 01-5107

(N.D. Oklahoma)

(D.C. No. 98-CV-159-H)

ORDER AND JUDGMENT *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

Terry Lynn Payne, a state prisoner proceeding *pro se* , requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas

---

*This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition.  For the reasons stated below, we deny a COA and dismiss the appeal.

An Oklahoma jury convicted Mr. Payne of twelve counts of 'first-degree rape' and eleven counts of 'rape by instrumentation.'  The charges arose from Mr. Payne's interactions, on at least twelve different occasions, with a single victim.  The Oklahoma trial court sentenced Mr. Payne to twenty-five, thirty, thirty-five, or forty years' imprisonment for each of the twelve first-degree rape convictions and eight or ten years' imprisonment for each of the eleven rape by instrumentation convictions.  The trial court ordered the sentences served consecutively, thereby producing a sentence totaling 502 years.  The trial court also fined Mr. Payne $120,000.  Mr. Payne unsuccessfully sought relief on direct appeal to the Oklahoma Court of Criminal Appeals.

Mr. Payne next petitioned the United States District Court for the Northern District of Oklahoma for habeas relief.  Mr. Payne contended, as he had on direct appeal to the Oklahoma Court of Criminal Appeals, that: 1) the Double Jeopardy Clause bars Oklahoma from punishing Mr. Payne for both first-degree rape and rape by instrumentation,   see U.S. CONST. amend. V; 2) Oklahoma produced insufficient evidence for a jury to properly convict Mr. Payne of first-degree rape, thereby violating the Due Process Clause,      see U.S. CONST. amend XIV; and 3) the Eighth Amendment's prohibition on "cruel and unusual punishment[]" bars Oklahoma from imposing a 502 year sentence for the conduct of which the jury

2

convicted Mr. Payne, see U.S. C ONST . amend. VIII.

Noting AEDPA's "contrary to, or . . . unreasonable application of" and "based on an unreasonable determination of the facts" standards of review, the district court denied relief. 28 U.S.C. § 2254(d)(1) and (2). The district court first noted that Blockburger v. United States , 284 U.S. 299 (1932), governs application of the Double Jeopardy Clause. See United States v. Dixon , 509 U.S. 688, 696 (1993) ("In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the 'same-elements' test, the double jeopardy bar applies."). Blockburger bars punishment, imposed for a single course of conduct, for two offenses unless each offense contains an element not contained by the other offense. See Blockburger , 284 U.S. at 304. Here, the jury convicted Mr. Payne of first-degree rape and of rape by instrumentation. First-degree rape, as charged against Mr. Payne, requires "sexual intercourse," where "sexual intercourse" is defined as "the actual contact of the sexual organs of a man and a woman, and an actual penetration into the body of the latter." Okla. Stat. tit. 21, § 1111(A)(1); Oklahoma Uniform Jury Instruction – Criminal 480 (1981). Thus, first-degree rape requires proof of penetration by the penis. Rape by instrumentation, on the other hand, occurs when "any inanimate object or any part of the body, not amounting to sexual intercourse[,] is used in the carnal

3

knowledge of another person without his or her consent[,] and penetration of the anus or vagina occurs to that person." Okla. Stat. tit. 21, § 1111.1. Thus, rape by instrumentation requires proof of penetration by something other than a male sexual organ. Since first-degree rape and rape by instrumentation each include an element not included in the other (penetration by a penis and penetration by something other than a penis), the Oklahoma Court of Criminal Appeals reasonably rejected Mr. Payne's argument that conviction and sentence for both offenses violates the Double Jeopardy Clause. Cf. Rhoden v. Rowland, 10 F.3d 1457, 1461-62 (9th Cir. 1993) ("[I]t is well settled that a single transaction can give rise to distinctive offenses under separate statutes without violating the Double Jeopardy Clause.") (internal quotation marks omitted).

The district court next observed that Mr. Payne's insufficiency of the evidence claim required demonstration that the prosecution offered no evidence from which the jury could have properly concluded that Mr. Payne committed first-degree rape. As noted above, in Oklahoma, first-degree rape requires, among other elements, "the actual contact of the sexual organs of a man and a woman, and an actual penetration into the body of the latter." Oklahoma Uniform Jury Instruction – Criminal 480 (1981) (defining "sexual intercourse," as required by Okla. Stat. tit. 21, § 1111(A)(1)). Here, Mr. Payne contested proof of penetration. The district court noted, however, that the prosecution introduced

4

the victim's testimony; the victim, a child, testified that Mr. Payne would "stick his private in mine." Rec. vol. II, at 336 (testimony of the victim, K.N.H.). Thus the Oklahoma Court of Criminal Appeals reasonably rejected Mr. Payne's argument that the prosecution introduced insufficient evidence to sustain Mr. Payne's conviction for first-degree rape.

Finally, the district court recognized that Eighth Amendment analysis "focuses on the sentence imposed for each specific crime, not the cumulative sentence for multiple crimes." Hawkins v. Hargett, 200 F.3d 1279, 1284-85 & n.5 (10th Cir. 1999); see also United States v. Schell, 692 F.2d 672, 675 (10th Cir. 1982). Since Mr. Payne admitted that none of his individual sentences exceeded the statutory maximum, the Oklahoma Court of Criminal Appeals reasonably rejected Mr. Payne's argument that the 502 year sentence violates the Eighth Amendment prohibition upon "cruel and unusual punishment[]."

Mr. Payne now seeks a COA only in regard to his first and second claims; Mr. Payne no longer presses the Eighth Amendment claim. Pursuant to Haines v. Kerner, 404 U.S. 519, 520-21 (1972) ( *per curiam* ), we liberally construe Mr. Payne's remaining allegations. To be entitled to a COA, Mr. Payne must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Payne may make this showing by demonstrating that the issues he raises are debatable among jurists, that a court could resolve the issues

5

differently, or that the questions presented deserve further proceedings.     See

Slack v. McDaniel  , 529 U.S. 473, 483-84 (2000).

Having reviewed Mr. Payne's request for a COA, his appellate brief, the district court's order, and the appellate record, we conclude that Mr. Payne has failed to make the required showing for a COA.  Accordingly, and for substantially the same reasons set forth in the district court's June 12, 2001 order, we DENY Mr. Payne's motion for a COA and DISMISS his appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge

6