Robert Eric PARRISH, Petitioner–Appellant,

v.

Larry SMALL, Warden, Respondent–Appellee.

No. 01–56239.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Filed Jan. 7, 2003.

Maria E. Stratton, Federal Public Defender, and James H. Locklin, Deputy Federal. Public Defender, Los Angeles, CA, for the petitioner-appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Senior Assistant Attorney General, Meagan J. Beale, Supervising Deputy Attorney General, and Adrianne S. Denault, Deputy Attorney General, San Diego, CA, for the respondent-appellee.

Before BRIGHT,* GOODWIN, and TASHIMA, Circuit Judges.

## OPINION

BRIGHT, Circuit Judge.

Robert Eric Parrish appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Parrish claims that his constitutional rights were violated when he was improperly shackled throughout his trial for attempted murder and assault with a deadly weapon. In the instant case, Parrish was charged with two counts: attempted murder and assault with a deadly weapon. The jury found Parrish not guilty of attempted murder, but found him guilty on the assault count. In a separate trial, unrelated to these charges, a jury found Parrish guilty of burglary and petty

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

theft with a prior. The state trial judge sentenced Parrish on both matters. He received a sixteen-year sentence on the assault charge and a twenty-five years to life sentence on the theft convictions under the "California Three Strikes Law." [1] The court ordered the sentences to run consecutively; Parrish is serving forty-one years to life.

We vacate the district court's decision and remand for an evidentiary hearing to determine the extent to which the shackling of Parrish became visible to the jurors and then whether the shackling was prejudicial.

■ This court reviews *de novo* the district court's denial of Parrish's petition for a writ of habeas corpus. *Wildman v. Johnson*, 261 F.3d 832, 836 (9th Cir.2001). The federal district court approved and adopted the Magistrate Judge's Report and Recommendation denying the petition with prejudice. According to this Report, the relevant state court decision is the October 1, 1996 opinion of the California Court of Appeal for the Fourth Appellate District, which affirmed Parrish's convictions.

When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. § 2254(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA) governs our review. *See Early v. Packer*, —— U.S. ——, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir.1997) (en banc). Under this section, relief is foreclosed unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Feder-

al law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The state Court of Appeal recognized that "the record fails to support the trial court's restraint of defendant in this case." Thus the sole issue on appeal is whether Parrish was prejudiced by the trial court's constitutional error. Parrish argues that the state appellate court was unreasonable in its assessment of the facts when it concluded that the error was harmless.

■ "When a defendant has been unconstitutionally shackled, the court must determine whether the defendant was prejudiced." *Dyas v. Poole*, 309 F.3d 586, 588 (9th Cir.2002) (citing *Ghent v. Woodford*, 279 F.3d 1121, 1132 (9th Cir.2002)). In a state habeas case, if a constitutional error exists, the federal court next must ask whether the error had a "substantial and injurious effect" on the jury's verdict. *Ghent*, 279 F.3d at 1132 n. 9 (quoting *Castillo v. Stainer*, 997 F.2d 669, 669 (9th Cir.1993)).

The federal district court considered the fact that Parrish's "left arm was handcuffed to his chair" and determined that it was a "relatively unobtrusive restraint [that] apparently became visible to the jury only once." The district court did not conduct an evidentiary hearing, and appears to have based its conclusions solely on the written decision of the California Court of Appeal and the trial transcript. There is no evidence that any of the state courts conducted an evidentiary hearing on this matter.

1. The effect of granting habeas in this case would be to vacate Parrish's sixteen-year sentence for the assault, but it will not effect the twenty-five years to life sentence that he received under California's Three Strikes law.

The state Court of Appeal reviewed the trial record and found the "only time it is apparent from the record jurors saw the restraint occurred when defendant was required to stand during one witness' testimony." [2] As evidenced by the tentativeness of this finding, the trial transcript does not reveal with any precision what the jury saw. At best one can extrapolate from it that the jurors saw the handcuff at least once.

The trial transcript could also be read to indicate that the handcuffs were visible to the jury throughout the trial. On the first day of trial, Parrish's counsel made an objection to the shackles and stated that the jury would be looking at Parrish in a different light because during jury selection they would have seen him without restraints and then would have seen the defendant that morning in handcuffs. Defense counsel stated:

—And request that the court remove any restraints in the courtroom because it prejudices his right to a fair trial in that he's looked at in a different light by the jury, especially due to the fact that the jury saw him all during jury selection, he wasn't, and all of a sudden this morning, he shows up and he's handcuffed to a chair.

Neither the prosecution nor the trial court disputed defense counsel's representation that the handcuffs were visible to the jury.

The problem with the state court's vague factual conclusion is exacerbated by its legal analysis. In assessing the prejudice, the court applied California case law under which there are two tests for harmless error in this situation. One test applies if the restraint is concealed from the jury or it is seen only briefly, *People v. Jackson,* 14 Cal.App.4th 1818, 1829–30, 18 Cal.Rptr.2d 586 (1993), and another test applies if the restraint is visible for a substantial length of time, *People v. Givan,* 4 Cal.App.4th 1107, 1118, 6 Cal.Rptr.2d 339 (1992). The Court of Appeal concluded that the error was harmless under either standard, but did not elaborate on which standard should be used.

■ We are guided by this court's decisions in *Rhoden v. Rowland,* 10 F.3d 1457 (9th Cir.1993) [hereinafter *Rhoden I* ], *appeal after remand,* 172 F.3d 633 (9th Cir. 1999) [hereinafter *Rhoden II* ]. In *Rhoden I,* the panel faced the issue of whether the shackling was prejudicial, which turned on whether the jury saw the shackles. 10 F.3d at 1458. Just as in the instant case, the California Court of Appeal recognized that the trial court did not have adequate justification for the shackling, but it held that the error was not prejudicial because the jury never saw the shackles. On habeas, the federal district court deferred to the state court's finding that the jury did not see the shackles. The appellate panel reversed and remanded so that the appellant could develop the record on prejudice: "The problem before us is that while both the state appellate court and the district court placed the burden on Rhoden to show prejudice, they never gave him an adequate opportunity to demonstrate whether or not the jurors saw the shackles." *Rhoden I,* 10 F.3d at 1460. The state court finding upon which the district court relied was not "entitled to a presumption of correctness because the material facts on which it was predicated were not adequately developed." *Id.* Thus, we conclude that the state court's decision that the constitutional error was not prejudicial "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

---

**2.** This court also described the restraint as    "relatively unobtrusive."

As in *Rhoden I,* the record in this case would benefit from additional information about what was visible in the court-room, what jurors could actually see, and what the trial participants recall. *Rhoden II* indicates that after the evidentiary hearing the record revealed that jurors did see the shackles, and "remembered the shackles even though the hearing was six years after the trial." 172 F.3d at 637.

Parrish should have been permitted to develop the record on the issue of the shackling's prejudice to his defense. We vacate the judgment in district court and remand for an evidentiary hearing to determine what the jurors saw and whether such viewing was so inherently prejudicial that it threatened the fairness of the trial.[3]

**VACATED and REMANDED.**

**3.** While the State does not raise this issue, we note that 28 U.S.C. § 2254(e)(2) prohibits a federal court from holding an evidentiary hearing on a habeas applicant's claim if "the applicant has failed to develop the factual basis of [the] claim in State court proceedings." The State argues that Parrish failed to present evidence to rebut the state court's findings, but it makes this argument under section 2254(e)(1). The State does not argue that Parrish failed to develop the factual basis for his claim. Parrish clearly requested an

evidentiary hearing as an alternative grounds for relief in his opening brief. . The State, however, proceeded with its argument under the assumption that the state trial transcript is sufficient evidence from which to make factual conclusions. Since that assumption is incorrect, we believe it appropriate to remand for amplification of the record.

