# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 9, 2011

141832

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                      SC: 141832
                                      COA: 287767
                                      Kalamazoo CC: 2007-000165-FC

ERVINE LEE DAVENPORT,
      Defendant-Appellant.

_____/

       On order of the Court, the application for leave to appeal the August 5, 2010 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the Court of Appeals order denying the defendant's motion to remand for an evidentiary hearing. The defendant should have been permitted to develop the record on the issue of whether his shackling during trial prejudiced his defense. See *Rhoden v Rowland,* 10 F3d 1457, 1460 (CA 9, 1993). We also REVERSE the Court of Appeals determination that the defendant did not preserve the issue of whether his shackling during trial constituted a due process violation, because defense counsel requested that both of defendant's hands be unshackled to avoid the prejudice that would result if the jury saw the shackles, and the circuit court denied her request. See *Fast Air, Inc v Knight*, 235 Mich App 541, 549 (1999); trial transcript Volume I, p 113. If it is determined that the jury saw the defendant's shackles, the circuit court shall determine whether the prosecution can demonstrate beyond a reasonable doubt that the shackling error did not contribute to the verdict against the defendant. *Deck v Missouri,* 544 US 622, 635; 125 S Ct 2007; 161 L Ed 2d 953 (2005). We REMAND this case to the circuit court for further proceedings consistent with this order. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

       We do not retain jurisdiction.



       I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 9, 2011

_____
Clerk

p0302