JUSTICE NELSON,
concurring.
¶47 I concur in the Opinion as to Issues Two, Three, and Four. As to Issue One, I concur with the following observations.
¶48 The last sentence of ¶ 28 and the ensuing discussion at ¶ 29 of the Opinion stand for the proposition that the mere failure of the record to reveal whether the trial judge pursued less restrictive alternatives before imposing physical restraints on the defendant is, itself, a due process violation. Here, it is possible the District Court did not consider less restrictive alternatives to shackling Hartsoe, in violation of the second prong of State v. Herrick, 2004 MT 323, ¶¶ 14-15, 324 Mont. 76, 101 P.3d 755. But it is also possible the District Court did consider such alternatives and found them to be inadequate under the circumstances, yet did not explain this on the record. Regardless, the Court holds that “in the absence of a record demonstrating that the District Court shackled Hartsoe as a last resort, the District Court violated the second prong of Herrick and Hartsoe’s due process rights.” Opinion, ¶ 29 (emphasis added); see also Opinion, ¶ 28 (“The second *318 prong of Herrick is met only when the record demonstrates the district court considered less restrictive alternatives before imposing shackles as a last resort.” (emphasis added)). I am not persuaded that the authorities cited by the Court-Castillo v. Stainer, 983 F.2d 145, 147-48 (9th Cir. 1992), and Herrick, ¶ 23-actually stand for this proposition. But this approach does have the virtue of providing trial courts and prosecutors with a strong incentive to create a proper record where a defendant has been shackled.
¶49 My second observation concerns the discussion at ¶ 33 of whether the violation was structural error. I agree that the error was not structural, but I reach this conclusion for slightly different reasons. Structural errors infect and contaminate the framework within which the trial proceeds, necessarily render a trial fundamentally unfair, and thus defy analysis by harmless error standards. State v. Matt, 2008 MT 444, ¶ 32, 347 Mont. 530, 199 P.3d 244, overruled on other grounds, State v. Charlie, 2010 MT 195, ¶ 45, 357 Mont. 355, 239 P.3d 934; see also e.g. Castillo, 983 F.2d at 149, as amended, 997 F.2d 669 (1993) (“If Castillo had been bound and gagged or forced to wear prison clothes or medicated against his will, the impact upon him and his defense would be so pervasive that the error in permitting such a practice would not be susceptible of harmless error analysis.”). Here, the venire was present when Hartsoe refused to take his seat at counsel table. They presumably were cognizant of the reason why Hartsoe was returned to the courtroom shackled to the chair during the State’s voir dire, after which he agreed to participate in the proceedings and was released from the chair. In these circumstances, I do not believe the due process violation so contaminated the framework of the trial as to preclude analysis under harmless error standards. I do agree with the Court, however, that the question remains whether the violation was harmless in light of the interests that the right to remain free of physical restraints was designed to protect-a question on which the State has the burden of persuasion. Opinion, ¶¶ 32, 34.
¶50 With the foregoing observations, I concur.
JUSTICE BAKER joins the Concurrence of JUSTICE NELSON.