**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRAD SKINNER,

      Petitioner - Appellant,

v.

SCOTT ABBOTT, Warden of the
Wyoming State Penitentiary;
PATRICK CRANK, Wyoming
Attorney General,

      Respondents - Appellees.

No. 04-8119
(Wyoming)
(D.Ct. No. 03-CV-162-ABJ)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Brad Skinner, a state prisoner, petitioned the United States District Court for the District of Wyoming for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claimed, *inter alia*, his due process rights were violated by: 1) the state trial court allowing him to appear in shackles before the jury at his trial for aggravated assault, and in shackles and a prison uniform during the habitual offender phase of the proceedings; 2) the state impermissibly threatening and coercing the victim, causing her testimony to be unreliable; and 3) the state depriving him of his right to be present at a critical stage of the proceedings when the trial court interviewed a hearing impaired juror. He also claimed he was denied effective assistance of counsel at both the trial and appellate levels. He faults trial counsel for his failure to object to the use of shackles and the prison uniform. He chastises his appellate counsel for the failure to raise the prison uniform issue on appeal.

The district court denied Skinner's petition concluding: 1) he was procedurally barred from raising the due process issue of his appearance in shackles and a prison uniform directly or in conjunction with his ineffective assistance of trial counsel claim; and 2) the Wyoming Supreme Court's resolution on direct appeal of the remainder of Skinner's issues was not contrary to, or an unreasonable application of, clearly established federal law. Despite the denial of Skinner's request for relief, however, the court specifically stated it would grant a

certificate of appealability (COA) on the procedural bar issue, if requested, because the Wyoming decisions "lack[ed] optimum clarity in their delineation of procedural default." (R. at 669, n. 1.)

On October 28, 2004, Skinner filed a notice of appeal and an application for a COA in the district court. The district court did not act on Skinner's application for a COA within thirty days. Pursuant to the Tenth Circuit General Order of October 1, 1996, under these circumstances a COA is deemed denied.[1] Nonetheless, a notice of appeal from the denial of a writ of habeas corpus constitutes a request to this Court for a COA. FED. R. APP. P. 22(b)(2). After a review of the record and given the district court's explicit statement in its order, we grant a COA as to whether the shackling issue is procedurally barred and AFFIRM the district court. As to the remaining issues raised on appeal, we DENY a COA.

## A. **Procedural Bar**

### 1. Standard of Review

Because Skinner filed his habeas petition after the effective date of the

---

[1] The district court entered an Order on May 3, 2005, granting a COA "as to each of his issues, except his claim of ineffective assistance of trial counsel for failing to challenge shackling at both phases of the trial." (May 3, 2005 Order at 2.) Because the district court did not take action within the thirty-day time period prescribed by the General Order of 1996, the denial of a COA was final on November 29, 2004, and the May 3, 2005 Order is of no force or effect.

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), that Act governs this appeal. *Williams v. Taylor*, 529 U.S. 362, 402 (2000). Under AEDPA, Skinner will not be entitled to habeas relief unless he can establish that the state court's determination of his claims was contrary to, or an unreasonable application of, clearly established Supreme Court precedent, *see* 28 U.S.C. §2254(d)(1), or was an unreasonable determination of the facts in light of the evidence, *see* §2254(d)(2). We presume the correctness of any state court findings of fact, absent clear and convincing proof to the contrary. *See* §2254(e)(1). Where the state court did not address the merits of a habeas claim, we review the district court's resolution of that ground for relief *de novo,* and examine the district court's findings of fact for clear error. *Romano v. Gibson*, 239 F.3d 1156, 1164 (10th Cir. 2001).

2. Background

Skinner was charged with aggravated assault and battery arising from a domestic dispute. His criminal proceedings were conducted in two phases, a trial determining guilt on the charged crime and a separate proceeding before the jury to determine whether Skinner was a habitual criminal. During his trial, Skinner requested and was allowed to wear street clothes. Nonetheless, he was forced to wear leg shackles throughout the entire trial, including during his walk from the defense table to the witness stand. At his habitual criminal trial, Skinner

-4-

appeared before the jury shackled and in his jail clothes. The jury found Skinner guilty of assault on August 3, 1999. On October 26, 1999, the same jury found him guilty of being a habitual criminal in light of his eight prior felony convictions. The Wyoming Supreme Court affirmed his conviction. *Skinner v. State*, 33 P.3d 758, 772 (Wyo. 2001).[2]

Skinner did not raise the shackling issue to the trial court or in his direct appeal. Instead, he raised the issue for the first time in his state court petition for post-conviction relief. The state district court found Skinner's claim procedurally barred because he failed to object at trial or raise shackling issues on direct appeal and he did not show cause for his default. Skinner's subsequent petition to the Wyoming Supreme Court for a writ of review was denied on July 30, 2003. On August 11, 2003, he filed a petition for federal habeas relief. The federal district court concluded Skinner's shackling claims were procedurally barred on adequate and independent state grounds, and therefore, review was precluded. Skinner now challenges the court's finding that the Wyoming decision was based on independent and adequate state grounds.

3. Independent and Adequate State Law Grounds

The independent and adequate state law grounds doctrine precludes federal

---

[2] Skinner's petition for writ of certiorari to the United States Supreme Court was denied on April 15, 2002.

review of a question of federal law decided by a state court if the state court's decision rests on state law "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "This rule applies whether the state law ground is substantive or procedural." *Id*. It also applies to a federal court's determination to address habeas claims of state prisoners. *Lee v. Kemna*, 534 U.S. 362, 375 (2002). Thus, we will not review Skinner's claim if it was defaulted in state court on independent and adequate state procedural grounds unless he demonstrates cause and prejudice or a fundamental miscarriage of justice. *Smith v. Mullin*, 379 F.3d 919, 925 (10th Cir. 2004).

"Independent state procedural grounds are those that rely exclusively on state law as a basis of decision." *Id*. However, a state procedural default rule is adequate to preclude federal review only if it is consistently and evenhandedly applied. *Id*. Whether the state procedural bar is adequate "is itself a federal question." *Lee*, 534 U.S. at 375 (quotation omitted).

Skinner argues that the Wyoming Supreme Court has not consistently applied its procedural bar to shackling issues which were not raised on direct appeal and, therefore, the Wyoming procedural bar is not adequate to preclude our

review.[3] He cites to three cases as the basis for his argument. He points first to *Asch v. Wyoming* where the Wyoming Supreme Court, on direct appeal but after oral argument, allowed an evidentiary hearing to give the petitioner an opportunity to develop the record and brief the merits of his shackling claim. 62 P.3d 945, 961 (Wyo. 2003). The claim had not been raised to the trial court. *Id.* at 949. The Wyoming Supreme Court then determined that the shackling procedure at issue was unconstitutional, and that in the future, "if a defendant objects, he cannot be compelled to wear jail or prison clothing in a jury trial, absent a showing by the State of a compelling need for such clothing." *Id.* at 960.

Recognizing that *Asch* was decided on direct appeal, Skinner also cites to two post-conviction cases, both involving the same defendant. In the earlier of

_____

[3] Skinner also implies that the long-standing former practice in Natrona County, Wyoming, to shackle all defendants who were pre-trial detainees rendered any objection by counsel futile. Therefore, shackling issues would not appear in a defendant's record for presentation on appeal. Even were the issue discovered on appeal, the procedural bar to issues not objected to at trial, if applied, would prevent review. He suggests, but does not further argue, that this situation presents an "exceptional case[] in which exorbitant application of a generally sound rule renders the state ground inadequate." *Lee,* 534 U.S. at 376. In *Lee*, the extraordinary facts of the case led the Supreme Court to reject the state court's application of a procedural bar. The facts demonstrated that counsel met the technical requirements for preservation of the specific issue at trial and the application of the bar in light of those facts would serve no reasonable purpose. *Id.* at 387. Skinner raises no facts which remotely equate to the situation in *Lee* and proposes no specific argument that this is an extraordinary case other than a single conclusory statement. We decline the invitation to create the argument for him. *See Salehpoor v. Shahinpoor*, 358 F.3d 782, 785 (10th Cir.), *cert. denied*, 125 S.Ct. 47 (2004) (declining to manufacture a party's argument on appeal).

these cases, *State v. Capshaw*, Crim. No. 13386-B, the district court for Wyoming's Seventh Judicial District issued an Order Denying Post-Conviction Relief on April 26, 2002. The petitioner, charged with five felonies, attempted to escape during pretrial proceedings. Thereafter, throughout the trial, the petitioner was kept in leg restraints. His trial counsel did not object and the issue was not raised on direct appeal. In its Order denying post-conviction relief, the district court held the restraint issue "was not properly preserved" at trial pursuant to *Estelle v. Williams*, 425 U.S. 501, 508 (1976), and "[t]he issue of whether [petitioner's] constitutional rights were violated by his being required to wear leg restraints during the trial could and should have been raised on direct appeal," pursuant to *Morgan v. Wyoming*, 708 P.2d 1244, 1245 (Wyo. 1985). (R. at A261-62) In the alternative, the district court denied post-conviction relief on the merits, holding he failed to show his physical restraints prejudiced his case. (*Id.* at A262.) The Wyoming Supreme Court denied the subsequent petition for review stating:

> [T]here are a significant number of cases that find that shackling was justified as a result of a prior escape. See *Finch v. State*, 975 P.2d 967, 999-1001 (Wash. 1999) (discussing cases holding shackling justified by prior escape attempt.) In addition, this is not a case where the evidence shows that jurors actually observed the shackles during trial. Cf. *Rhoden v. Rowland*, 172 F.3d 633, 637, (9th Cir. 1999). Instead, this is a case where the materials do not establish that any jurors observed petitioner in shackles to his prejudice. The Court thus finds that the petition should be denied.

(R. at A263.)

In the second *Capshaw* case cited by Skinner, *Capshaw v. State*, Crim. No.
13255-A, the district court issued a Decision Letter denying post-conviction relief
on December 19, 2002. This claim for post-conviction relief arose from the
petitioner's conviction for escape. Again, he appeared before the jury in leg
restraints throughout the trial. No objection was made and the issue was not
raised on appeal. In its Decision Letter, the district court again determined that
petitioner's failure to object at trial waived the issue pursuant to *Estelle v.*
*Williams*, *supra*, and "in addition, any motion to remove the shackles, or other
objection to the restraints would have been denied or overruled." (R. at A256.) In
its Order Denying Petition for Writ of Review/Certiorari, the Wyoming Supreme
Court stated:

> The Court again notes that there are a significant number of cases
> that find that shackling was justified as a result of an escape. See
> *Finch v. State*, 975 P.2d 967, 999-1001 (Wash. 1999)(discussing
> cases holding shackling justified by history of escapes or attempts.)
> In addition, this Court should have the opportunity in other appeals
> to address the retroactive or prospective application of its opinion in
> *Asch v.* [*Wyoming*]

(R. at A258.)

In contrast, the Wyoming district court's Decision Letter denying Skinner's
request for post-conviction relief dismissed his shackling claim without

discussion of the merits.  (R. at A251.)[4]  The Supreme Court also summarily

denied Skinner's petition for writ of review.  (R. at A237)("Having fully

considered the petition and the materials attached thereto, the Court finds the

petition should be denied.").)  Skinner argues that the examination of the merits

in some cases, but not in others, demonstrates that the Wyoming courts have not

consistently applied the procedural bar in cases raising issues of shackling.

As the Supreme Court has recognized, a state procedural bar may expire

through a later action by the state court.  *Ylst v. Nunnemaker,* 501 U.S. 797, 801

(1991).  For purposes of procedural default, "[i]f the last state court to be

presented with a particular federal claim reaches the merits, it removes any bar to

federal-court review that might otherwise have been available."  *Id.*  As a result,

the federal court will look to the last explained state court judgment to determine

whether the state procedural bar precludes our review.  *Howard v. Bouchard*, 405

F.3d 459, 475-76 (6th Cir. 2005).  Thus, our first task is to determine which series

of state court decisions apply to a procedural bar on shackling: the Supreme

Court's denial of the petitions for certiorari or the district courts' decision letters.

---

[4] The court stated,"Skinner's counsel never objected to the shackles, and the issue was not raised on direct appeal.  Under these circumstances, Skinner's due process claim based on the shackling is procedurally barred.  Issues that can be addressed on direct appeal are foreclosed from consideration in the context of a petition for post-conviction relief by the doctrine of res judicata."  (R. A205) (citing *Duran v. Wyoming*, 949 P.2d 885, 887 (Wyo. 1997).)

-10-

In *Ylst*, the Court delineated several state determinations that were rendered during the course of petitioner's foray through the California judicial system: the order of conviction, affirmance on appeal, denial of collateral relief in the district court, denial of collateral relief in the appellate court, a petition for habeas corpus in the California Supreme Court, and a second petition for writ of habeas relief in the California Supreme Court. *Id*. at 799-801. All but one of the appellate petitions were summarily denied. The only exception was the first California Supreme court denial of habeas relief, which cited to two state court decisions. *Id*. at 800-01. However, the *Ylst* Court firmly stated that, "a *discretionary denial of review* cannot lift a pre-existing procedural bar." *Id*. at 802 n.2 (emphasis added). It is undisputed that the Wyoming Supreme Court exercises its discretionary power when deciding to accept or reject a petition for a writ of review in post-conviction appeals. Wyo. Stat. § 7-14-107.[5] Therefore, since the Wyoming Supreme Court has never granted certiorari on collateral review of the issue, the state decisions which control our discussion as to Wyoming's regular application of the procedural bar when shackling claims are raised for the first

---

[5]**§ 7-14-107  Appellate review.**

Any final judgment or order entered upon a petition under this act ***may*** be reviewed by the supreme court on writ of certiorari upon the petition of either party pursuant to the Wyoming Rules of Appellate Procedure. (emphasis added).

time in a request for post-conviction relief are those of the Wyoming district courts.

Wyoming's statutory procedural bar is clearly stated in Wyo. Stat. § 7-14-103(a).[6] The procedural bar was also the basis for the post-conviction decisions relied upon by Skinner. It is true that, as Skinner argues, the Wyoming district

---

[6]The statute states in relevant part:

**§ 7-14-103 Claims barred; applicability of act.**

(a) A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:

(i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction;

(ii) Was not raised in the original or an amendment to the original petition under this act; or

(iii) Was decided on its merits or on procedural grounds in any previous proceeding which has become final.

(b) Notwithstanding paragraph (a)(i) of this section, a court may hear a petition if:

(i) The petitioner sets forth facts supported by affidavits or other credible evidence which was not known or reasonably available to him at the time of a direct appeal; or

(ii) The court makes a finding that the petitioner was denied constitutionally effective assistance of counsel on his direct appeal. This finding may be reviewed by the supreme court together with any further action of the district court taken on the petition.

-12-

courts applied a procedural bar and, in the alternative, discussed the merits of the shackles claim on post-conviction relief. However, the presence of an alternative basis for a court's ruling does not vitiate the procedural state bar. *See Dugger v. Adams*, 489 U.S. 401, 410, n.6 (1989) (addressing the merits in several cases does not extinguish a procedural bar where the procedural bar is applied in the vast majority of cases); *see also Harris v. Reed*, 489 U.S. 255, 264, n.10 (1989) ("Moreover, a state court need not fear reaching the merits of a federal claim in an *alternative* holding."); *Scott v. Mitchell*, 209 F.3d 854, 865-67 (6th Cir. 2000) (accord). We conclude the Wyoming courts have consistently and evenhandedly applied the state law procedural bar to cases raising shackling issues for the first time in a request for post-conviction relief. Therefore, the state court judgment barring Skinner's claim is based on independent and adequate state law grounds, precluding our review.

## B. **Remaining Claims**

Unless a COA is issued, Skinner may not appeal the dismissal of the remainder of his claims in his § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). "[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). To make the requisite showing, a petitioner must demonstrate that "reasonable jurists could

-13-

debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). "When the district court denies a habeas petition on procedural grounds . . ., a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties are familiar with the relevant facts surrounding the remainder of Skinner's claims and we need not restate them here. After our review of the materials submitted by Skinner against the backdrop of his state court record, it is apparent the conclusions of the district court are simply not debatable. As the district court explained, his ineffective assistance of trial counsel claim is procedurally barred, he failed to demonstrate that his appellate counsel's failure to raise the issue of his appearance in jail clothes in the habitual criminal phase prejudiced his defense, there was no evidence of undue influence of a witness by the prosecution, and he failed to demonstrate any prejudice to his defense arising from the issues involving a hearing-impaired juror. In sum, the district court correctly held the state's adjudication of the remainder of Skinner's claims did not result in a decision that was contrary to or involved an unreasonable

-14-

application of clearly established federal law.

Skinner's request for a COA on the shackling issues is granted. On that issue we **AFFIRM** the district court's determination that Skinner's shackling claims were decided on independent and adequate state law grounds, thus precluding federal review. We **DENY** Skinner's request for a COA on the remainder of his claims.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge